CHIEE JUSTICE DUVALL
delivered the opinion of the court:
Shropshire, as the committee of Porter, a lunatic, brought this action, in the Bourbon Circuit court, against Mahoney and Ransdall, setting out three separate and distinct causes of action, in as many separate paragraphs, in his petition.
*328 In the first paragraph, the plaintiff seeks to rescind a sale of land which had been made by Mahoney to Porter.
In the second, it is alleged that Mahoney had “got possession of a note for $500, in favor of said Porter, on the defendant, John Ransdall, due 1st March, 1858; said Mahoney collected on said note about $318, and defendant, Ransdall, paid it to him, although he had no authority to collect the sum, and said Mahoney still has the note in his possession.” “He prays judgment for said note against Ransdall, and, if he is not entitled to a judgment against him, he prays judgment against Mahoney for the $318, collected by him as before stated,” &c>
In the third paragraph, the plaintiff seeks to recover on a note for $100, which Mahoney had executed to Porter.
Process was served on Mahoney in Bourbon county, and on Ransdall in Henry county.
The court below, (neither of the defendants having appeared,) rendered a judgment rescinding the sale and purchase of the land; and also separate judgments against Ransdall and Mahoney, for the full amount of the notes set up against them respectively, in the second and third paragraphs of the petition. Ransdall has appealed from the judgment against him.
The record presents a palpable case of misjoinder of causes of action. The claim against Ransdall had no sort of connection with either of the two causes of action against Ma-honey. . But, as no objection on that ground was made in the court below, it must be deemed to.have been waived. (Civil Code, sec. 114.)
The question arises, however, whether the effect of such misjoinder was to give the court below jurisdiction over the claim against the appellant, who was served with process in a distant county from that in which the action was brought. For the appellee it is insisted that, as one of the defendants to the action was summoned in the county of Bourbon, that court had jurisdiction as to the other defendant, under section 106 of the Code, which provides that every action,‘except those enumerated in the previous sections, “may be brought in any county in which the defendant, or one of several defendants, resides or is summoned.”
*329 This provision does not change materially the former law on the same subject. The object was, and is, to prevent the inconvenience and hardship, which would result from compelling a party to appear and defend a civil action in any county in the State, however distant from his residence or from the county in which he might be summoned. He may be subjected to this hardship only in cases where the.cause of action is local, or where it effects himself and others.
The literal construction now contended for, is, we think, inconsistent with the spirit and meaning of the statute, and would practically defeat its object. It would allow a plaintiff to unite in his petition any number of causes of action, however unconnected, either in respect to the parties, or to the nature of the demands, and by the service of process on one of the defendants, in the county in which the action is brought, the plaintiff will be entitled to judgment against all the others, wherever summoned, unless they appeared and objected to the misjoinder. Several causes of action, are allowed to be united in the same petition only, “where each affects all the parties to the action, may be brought in the same county,” &c. (Sec. 111.) The plaintiff has, in the present case, violated that provision by uniting in his petition several causes of action, neither of which affects all the parties, and all- of which could not have been brought in the same county; and, as a consequence of such violation, claims to be entitled to judgment against the appellant on the sole ground that he is a defendant, although improperly so. This would be, in effect, to allow the violation of one provision of'the Code to constitute a reason for the violation of another'.
It is proper to add, that the allegations of the second paragraph, in relation to the payment of the $318, are not sufficient to deprive the appellant of the benefit of that payment. It is merely stated that Mahoney had got possession of the note in question. But when, or how, he got it, whether rightfully or wrongfully, whether by assignment or by mere delivery, or for what purpose the possession was obtained, does not appear. It is alleged that Mahoney “had no authority to col- *330 lecl the sum;” but the facts from which such want of authority would result are not stated, and this allegation, therefore, amounts to nothing more than the mere statement of a legal conclusion. Mahoney, as between himself and Porter, may not have had legal authority to collect the note, but it would not necessarily follow that the payment to him, by the obligor, without notice of the want of authority, would have been invalid. So that the judgment must be deemed erroneous, even if the court had had jurisdiction as to the appellant.
But, for the reasons before stated, the judgment against the appellant must be reversed, and the cause remanded with directions to set aside the same and to dismiss the action as to him.