CASE 114—PETITION EQUITY—September 9.

# Basye v. Brown, &c.

APPEAL FROM OLDHAM CIRCUIT COURT.

1. Service of process upon a party improperly joined as defendant in an action, will not give the court jurisdiction to render judgment against a defendant residing and summoned in another county from that in which the suit is pending.

2. In an action by a married woman against the obligors in an indemnifying bond, for damages resulting from the levy and sale of property claimed by her as separate estate, to satisfy a judgment against her husband, he, not claiming any interest in the property, is not a proper party defendant.

BEN. S. ROBBINS FOR APPELLANT.

1. The husband was jointly liable with the obligors in the indemnifying bond. (Campbell v. Galbreath, 12 Bush, 459.)

2. The husband may be regarded as trustee for his wife, and this being a controversy in regard to the misuse of the trust property, he was a necessary party. (Jones' assignee v. Johnson, 10 Bush, 649.)

3. Thomas Basye obtained a credit upon his judgment by a sale of the property, and is therefore interested in the determination of the question involved in this case.

FRENCH & HARWOOD FOR APPELLEES.

1. A judgment cannot be rendered against a defendant summoned out of the county, if the defendant summoned in the county where the action. is pending be improperly joined in the action. (Fernold v. Speer, 3 Met., 460; Pottinger v. Mayfield, 14 B. M., 647; Randolph v. Shropshire, 4 Met., 327; Ruby v. Grace, 2 Duv., 540; Dyas v. Lindsey, 4 Bush, 349; Meguier v. Rudy, 7 Bush, 433; Duckworth v. Lee, 10. Bush, 51.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

An execution in favor of appellees issued against Thomas. Basye and was levied upon personal property in the county of Oldham. Frances Basye, wife of Thomas Basye, asserted claim to the property as her separate estate, and the sheriff refusing to sell without a bond of indemnity, the bond was executed by appellees and the property sold. Appellant, Frances Basye, brought suit upon the bond against appellees and her husband, Thomas Basye, claiming damages for the alleged illegal levy and sale. To this petition appellees, pleading to the jurisdiction of the Oldham circuit court, alleged that they were residents of Jefferson county, and were served with process in that county, and asked to be dismissed. with their costs. To this plea a demurrer was interposed. and overruled, the petition dismissed without prejudice, and. from that judgment this appeal is taken. Thomas Basye is. a resident of Oldham county, and was served with process there.

As the action is transitory, it is clear that the ruling of the court below is correct, unless Thomas Basye was properly joined as defendant. Section 78 of the Civil Code provides. that such an action "may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is. summoned."

Section 23 provides: "Any person may be made a de-fendant who claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination of the question involved in the action."

Section 34 provides, that in actions concerning her separate property the wife may sue or be sued alone.

The petition proceeds upon the idea that Thomas Basye has no interest in the property, and states facts showing that. he has no interest.   While the petition prays judgment against Thomas Basye, jointly with appellees, it shows no right of recovery against him, nor does he assert any adverse claim or interest, nor do the pleadings show that he is a necessary party to a final determination of the question at issue between appellant and appellees.   The question is whether appellant was the owner of the property at the time of the levy and sale; and if she was not, it is immaterial to her whether the property belongs to Thomas Basye or some one else.   If he were asserting claim to the property, he would be a proper party defendant, and the court would have jurisdiction over the appellees who were served with process in Jefferson county; but to exercise such jurisdiction under the facts as presented in the petition would be to violate the spirit of the 78th section, which was designed to prevent the acquisition of jurisdiction in the county where the suit is. brought by making merely nominal parties in that county.

This is manifestly an attempt to give such jurisdiction when the law does not contemplate it, and in such cases it is the duty of the courts to look to the spirit as well as to the letter, and to refuse to exercise a jurisdiction thus, attempted to be conferred.

Judgment affirmed.