CASE 14—ACTION BY J. T. S. JOHNSON AGAINST J. H. BRAFFORD AND ANOTHER.—OCTOBER 30.

# Johnson v. Brafford, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.   AFFIRMED.

ACTIONS—PARTIES—JOINDER—SERVICE OF PROCESS—JURISDICTION OF PARTIES.

Held:   1. Where an action alleged a breach of contract against a party residing and summoned in the county in which the action was brought, and therewith joined another party residing and summoned in another county alleging a separate cause of action against him, such cause of action being improperly joined, the court acquired no jurisdiction of the defendant so improperly joined by reason of service of process on him in another county under section 78 and section 85 civil code of practice.

2. Where the quarterly court acquired no original jurisdiction of a party by service of process on him in a county other than that in which the suit was brought, in an action in which he was improperly joined with a party residing in the county in which the suit was brought, the fact that he was thereafter properly served with process on appeal to the circuit court, brings him before such court only to the extent that he was before the quarterly court.

JAMES T. A. BAKER and JOHN ROBERTS, attorneys for appellant.

STATEMENT OF PRINCIPLES DISCUSSED AND AUTHORITIES CITED.

1. Where two persons are jointly sued, one served in a county other than that where the suit is brought, there can be no dismissal of the suit as to non-resident defendant until the case is decided in favor of the resident defendant. Section 80, Civil Code.

2. The remaining question involved in this case is that the infringement of the patent was not brought in question by the petition and could not be brought in question by either of the defendants. Billings v. Ames, 32 Mo., 265, Middlebrook, Broadbent, 47 N. Y., 447; Havana Press Drill Co. against Ashurst, 148, p. 39; Rice v. Garnhardt, 34 Wis., 453; Hartell v. Tilghman, 99 U. S., 547; Marsh v. Nichols, Shepard & Co., 140 U. S., 344.

W. B. THOMAS, for appellee.
JOHN BARRET, of counsel.

POINTS AND AUTHORITIES.

1. In order to acquire jurisdiction under section 78 of the Civil Code over a defendant summoned in a county other than the county in which the action is pending, three things must concur:

(1) A cause of action must be alleged against the defendant summoned in the county in which the action is instituted.

(2) The court in which the action is instituted must have jurisdiction of the cause of action stated against the defendant sumoned in the county in which the action is instituted.

(3) The absent defendant must be jointly interested in the cause of action stated against the defendant summoned in the county. Sec. 78 Civil Code; Ransdall v. Shropshire, 4 Metcalfe, 327; Basye v. Brown, 78 Ky., 553.

Johnson v. Brafford, &c.

2. A State tribunal has no jurisdiction of a suit for infringement of patent rights. Simond's Summary on Law of Patents, pp. 240-1-2; Mitchell v. Tilghman, 19 Wallace, 378.

3. The jurisdiction of a circuit court on appeal depends upon the jurisdiction of the inferior court. Lane v. Young, 1 Littell, 40; Mitchell v. Warden. 5 Monroe, 263; Fidler v. Hall, 2 Metcalfe, 461.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING. .

Appellant filed this suit in the quarterly court of Jefferson county to recover $200 damages of the defendant, J. H. Brafford and "—— Brumfield," so styled in the caption. The cause of action asserted in the petition was: Plaintiff alleged that J. H. Brafford had sold and assigned to him an exclusive right to sell a patented article in Jefferson county, this State. Plaintiff alleged "that afterwards the defendants J. H. Brafford and Brumfield, as partners, in disregard of said plaintiff's right, sold and erected the said patented article to divers and various parties," to plaintiff's damage as stated. Summons on this petition directed to Jefferson county was executed on O. Brumfield by the sheriff of Jefferson county. Brumfield failed to answer, and the petition was taken as true. Brafford claims to have resided in Fayette county, and summons was served on him in Fayette county. He entered a special appearance in the Jefferson quarterly court, and moved to quash the summons that was served upon him by the sheriff of Fayette. He also filed a special demurrer to the petition on these grounds: "(1) Because the Jefferson quarterly court has no jurisdiction of the person of J. H. Brafford. (2) Because the Jefferson quarterly court has no jurisdiction of the cause of action alleged against the defendant O. Brumfield." The quarterly court sustained the motion and demurrer. The plaintiff failing to take other steps, the cause was dismissed as to

Brafford. The plaintiff appealed to the Jefferson circuit court, which also sustained the demurrer and the motion to dismiss, and plaintiff has appealed here.

The petition at best is only an attempt to recover from Brafford damages alleged to have been sustained by the plaintiff because of Brafford's breach of a contract between him and plaintiff. Brumfield is not alleged to have been a party to that contract; therefore, so far as this case is an action upon the contract, Brumfield was not properly joined as a party defendant. This is a transitory action, and, under section 78 of the Civil Code of Practice, "may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned." Brumfield was improperly joined as a party defendant, manifestly for the purpose of conferring a jurisdiction upon the courts of Jefferson county against Brafford that the law did not authorize. The judgment quashing the service of process upon this ground was right. Basye v. Brown, 78 Ky., 553. Section 113 of subsection 2 of the Civil Code of Practice allows a pleading to contain statements of as many causes of action as there may be grounds for in behalf of the pleader. But section 85, Id., provides that several causes of action may be united only in event each affects all the parties, and the action may be brought in the same county, etc. If there is a cause of action stated at all against Brumfield, or even imperfectly stated against him, it is to recover damages because of his infringement or interference with the plaintiff's exclusive right to manufacture and sell a patented article, under the laws of the United States. Suits for infringements or interferences with, or to vacate, or to repeal, patents must be brought in the United States courts. However, the State courts

have jurisdiction to enforce contracts relating; to patents, such as contracts to assign, or covenants contained in contracts for the use of patented articles, as well as of actions to recover damages for the breach of such contracts by parties thereto. Sim. Pat. Law, 240-242; Mitchell v. Tilghman, 19 Wall, 278, 22 L. Ed., 125; Billings v. Ames, 32 Mo., 272; Marsh v. Nichols, Shepard & Co., 140 U. S., 353, 11 Sup. Ct., 798, 35 L. Ed., 413. So far as the petition attempted to allege a cause of action against Brafford, it was for the breach of the contract concerning a patent, the subject-matter of which action was within the jurisdiction of the Jefferson quarterly court; but, so far as the petition attempted to allege a cause of action against Brumfield, it was, if anything, for an interference with, or infringement of, the exclusive right of an assignee of a patented article to manufacture and sell same; therefore was an act exclusively within the jurisdiction of the federal courts. In Randall v. Shropshire, 4 Metc., 327, this court held that where two or more causes of action were improperly joined under a section of the old Code (section 111, which is the same as section 83 of the present Civil Code of Practice), and service was had upon one of the defendants in the county where the action was begun, the court would not take jurisdiction under section 106 of the old Code, similar to section 78 of the present Civil Code of Practice, in a transitory action of defendants served out of the county. who were not proper parties to the cause of action set up against the defendants summoned in the county. So it follows that, in any view of the case, the quarterly court and the circuit court ruled correctly in sustaining the motion to quash the summons.

The record shows that when Johnson appealed to the circuit court he caused a summons on the appeal to issue to

Jefferson county, in which the defendants were summoned to answer the appeal. The return of the sheriff shows that this summons was executed upon appellee Brafford by the sheriff of Jefferson county. Although it is stated in the brief of appellee that this is an error, we must accept the record as it is for the purposes of this appeal. We are of opinion, however, that this service did not bring appellees before the court in Jefferson county, even if it had as stated, for any other purpose, or to any other extent, than to give the Jefferson circuit court jurisdiction to hear and determine the original controversy as it was in the Jefferson quarterly court immediately before the trial there. Although, under section 726 of the Civil Code of Practice, appeals to the circuit court from judgments of quarterly and justices courts shall be docketed and stand for trial as ordinary actions, and shall be tried anew as if no judgment had been rendered, we think that the service of the summons upon the appeal is merely an incident of the appeal, and does not affect other rights of the litigants. It brings the party upon whom it is executed before the circuit court to the extent only that he was before the court below. Section 724 of the Civil Code of Practice, directing how such appeals may be taken, says: "And the appellee shall be summoned, actually or constructively, as is provided in chapter 2 of title 4, to appear and defend the appeal." If the judgment in this case had been in favor of the plaintiff, against the defendant, upon the record as it appeared when filed in the circuit court, and the defendant had executed the bond, and prosecuted the appeal, as provided in section 724, and no other steps had been taken, the court would have been compelled to adjudge the rights of the parties as based upon the record brought up from the quarterly court. That would neces-

sarily have been to have quashed the service of the summons. If the plaintiff then desired further steps to be taken, he would have been compelled to have had a new summons issued, and served in Jefferson county. Railroad Co. v. Sanders, 11 Ky. Law Rep., 53, a case decided by the superior court. Or, if under section 724 the summons issued upon the appeal can not be served upon the adverse party by an actual service, it might be constructively served as provided in the Code, for constructive service upon absent defendants. Such a service, while giving the court jurisdiction of the case to adjudge the rights of the parties according to the original record, would not, of course, bring the party so served before the court so as to authorize a personal judgment against him unless he had been before the court below by actual service or appearance, so as to justify such a judgment. We are of opinion that, when the summons upon the appeal has been served on the appellee, its office is fulfilled, and it can neither enlarge the rights of the litigants, nor detract from them as they stood before the service, other than to transfer to the circuit court jurisdiction of the case, and thereby suspend for the time the judgment appealed from. The correctness of this view becomes even more apparent when it is remembered that a summons on appeal may be served in any county. Now if service of the summons to answer the appeal has the effect to bring the appellee before the court for all purposes, regardless of whether he was before the court below, it would follow that one in appellee Brafford's attitude, by the very practice indulged and condemned in this case, could be successfully sued in a county and court not authorized by the provisions of section 78 of the Civil Code of Practice. We are further of opinion that, when the lower court had jurisdiction of the subject-

matter, the appellate court (the circuit court in this instance) might have caused an alias summons to be issued on the petition (or statement), and served as if the case had originally been brought in such higher court. But there was no motion for alias summons in this case; consequently, it was not error for the court to dismiss the action.

Judgment affirmed.