## Willis v. Tomes, et al.

(Decided January 5, 1911.)

### Appeal from Grayson Circuit Court.

1. Jurisdiction—Judgment Void.—In an action brought pursuant to Section 78, Civil Code, against a local defendant and a defendant who is a non-resident of, and served outside of the county, and who is improperly joined with the local defendant, and who does

not defend without objecting to the jurisdiction of the court, or otherwise enter his appearance, the court acquires no jurisdiction over the non-resident defendant, and a judgment rendered against him by default is void.

2.   Void Judgment—Injunction Against.—A void judgment may be enjoined in any court of competent jurisdiction, and not merely in the court rendering the judgment.

MILTON CLARK for appellant.

G. W. STONE for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

In July, 1905, appellant, J. S. Willis, instituted an action before W. F. Spicer, a justice of the peace of McLean county, against H. C. Willis, James Lowe and appellee, J. J. Tomes. The petition is as follows:

"The plaintiff, J. S. Willis, says that he is a citizen and a resident of McLean county, Ky., and that the defendant, H. C. Willis, is also a citizen and resident of McLean county, Ky., and that the defendants, James Lowe and J. J. Tomes, are citizens and residents of Edmonson county, Ky. Plaintiff says that on the ——— day of ———, 1904, he employed the defendant, H. C. Willis, to make cross-ties on about 90 acres of land belonging to this plaintiff at 10 cents per tie, for which said Willis went to work for this plaintiff and worked till the defendants, James Lowe and J. J. Tomes, came upon the land of plaintiff and ordered the defendant, H. C. Willis, to stop making said ties, and he at their orders stopped and refused to make said ties. Plaintiff says that at the time he employed H. C. Willis to make said ties he was to work all said timber on said land which would have made 2,000 ties and at that time ties were worth 33 cents per tie, but at present he is not able to get but 28 cents per tie and the inspection is closer and harder than then, all of which plaintiff has been damaged in the sum of $99 and therefore plaintiff prays judgment against the defendant for $99, and his costs herein expended and for all proper relief."

When the suit was brought H. C. Willis was a citizen and resident of McLean county, while James Lowe and appellee Tomes were citizens and residents of Edmonson county. Process was executed on H. C. Willis in McLean county and on Lowe and Tomes in Edmon-

son county during the month of September, 1905. At the December term, 1905, of the justice's court, judgment was rendered by default against all the defendants to the action for the amount sued for, together with interest and costs.

Thereafter an execution issued on this judgment to McLean county and was returned by the sheriff of that county as to the defendant, H. C. Willis, "no property found." Another execution was issued on the judgment to Edmonson county and was returned by the sheriff of that county as to the defendants, Lowe and Tomes, "no property found." In July, 1908, J. S. Willis, the plaintiff in that action, procured a transcript of the judgment rendered in the McLean justice's court, together with the taxation of costs, filed the same in the office of the clerk of the McLean circuit court, and caused an execution to issue thereon and to be placed in the hands of the sheriff of Grayson county. The sheriff levied the execution on a tract of land in Grayson county belonging to J. J. Tomes. He then advertised the land for sale, and sold 45 acres of it in satisfaction of the execution.

After the sale of the land, appellees, J. J. Tomes and his wife, Sarah J. Tomes, brought this action in the Grayson circuit court against J. S. Willis and the sheriff of Grayson county for the purpose of restraining the latter from conveying the land to appellant. In his petition and other pleadings, appellee charged that he was a nonresident of McLean county; that he was improperly joined in the action with the defendant, H. C. Willis; that the court rendering the judgment had no jurisdiction of his person, and that the judgment and all proceedings thereunder were void. Appellee further pleaded that the land sold was exempt as a homestead. Appellant filed a special demurrer to the jurisdiction of the Grayson circuit court, and, without waiving this demurrer, pleaded to the merits.

While the issues were being formed, and before the day of trial, appellant caused notice to be executed on appellee Tomes, to the effect that on the 18th day of January, 1910, he would move the Grayson circuit court to award him a writ of possession of the land sold under the execution. To this motion appellee filed a written response, in which he pleaded that the judgment upon which the execution issued was void.

Upon the trial of the case the motion for a writ of possession and the equity action were consolidated and heard together. Upon submission of the case the chancellor held that the judgment rendered in the McLean justice's court and all the proceedings heard thereunder were void, and judgment was entered accordingly. From that judgment this appeal is prosecuted.

The first question to be submitted is: Did the Grayson circuit court have jurisdiction? Section 285, Civil Code, is as follows: "An injunction to stay proceedings on a judgment shall not be granted in an action brought by the party seeking the injunction in any other court than that in which the judgment was granted. Nor shall such injunction be granted unless the party applying therefor make affidavit that no injunction has been previously granted to stay the proceedings on said judgment. This court has construed this section and similar statutes in a number of cases. In the case of Davis v. Davis, 10 Bush, 274, it was held that an injunction to stay proceedings upon a judgment can only be granted in the court rendering it; that this rule applied to justice's, as well as to circuit courts, and that a judgment in a justice's court must be enjoined in that court, although by reason of accrued interest the amount in controversy exceeds the jurisdiction of the court. It has also been held that a circuit court has no jurisdiction to enjoin the sale of property under an execution upon a judgment rendered in a justice's court (C. & O. R. R. Co. v. Reasor, 84 Ky., 369); or a quarterly court (McConnell v. Rowe, 8 Ky. Law Rep., 343); or a county court (Stahl v. Brown, 84 Ky., 325); or the Court of Appeals (Shackelford v. Patterson, 110 Ky., 863). It has also been held that, when an execution issues on a judgment in the quarterly court and is returned "no property found," and an execution is then obtained in the circuit court on a transcript filed in the clerk's office of that court, an action to enjoin the collection of the execution must be filed in the quarterly court. (Neeters v. Clements, 12 Bush, 359 ) In the case of Robinson v. Carlton, 29 Ky. Law Rep., 876, it was held that one who was not a party to an action in which a void judgment was rendered might attack the judgment collaterally.

In the cases of Stevens v. Deering, 10 Ky. Law Rep., 303, and Spencer v. Parsons, 89 Ky., 577, it was held that a void judgment might be resisted in any

court in which it was attempted to be enforced, and not merely in the court in which it was rendered. In the latter case of Jacobson v. Wernert, 19 Ky. Law Rep., 662, the court confined the doctrine announced in Stevens v. Deering and Spencer v. Parsons, supra, to cases where the plaintiff was seeking to enforce the judgment, and held that it did not apply, even though the judgment was void, in cases where it was sought to enjoin the judgment.

The latest expression of this court upon the question may be found in Combs v. Sewell, 22 Ky. Law Rep., 1026, and Boyd v. Board of Councilmen, 117 Ky., 199. In the first case mentioned it was held that a void judgment of the county court could be enjoined in the circuit court. In the last-mentioned case it was held that, if the court in which the judgment was rendered had no civil jurisdiction, an injunction might be obtained in a court other than the court rendering the judgment.

From the foregoing it will be seen that there is some conflict in the opinions of this court. Our conclusion is that the court erred in announcing the rule set forth in the case of Jacobson v Wernert, supra, and that the true rule is announced in Combs v. Sewell, supra, the latest utterance of the court upon this subject, that a void judgment may be enjoined in any court of competent jurisdiction, and not merely in the court rendering the judgment. Nor is this conclusion a violation either of the letter or spirit of section 285 of the Civil Code, for a void judgment is a nullity, and therefore no judgment at all. It follows that Jacobson v. Wernert, 19 Ky. Law Rep., 662, and all other cases announcing the same doctrine, in so far as they conflict with the foregoing rule, should be and they are hereby overruled.

For the convenience of the profession, we may say that there are two exceptions to section 285, which provides that an injunction to stay proceedings on a judgment shall not be granted, in an action brought by the party seeking the injunction, in any other court than that in which the judgment was rendered:

1. Where the judgment is void.

2. Where the court rendering the judgment has no civil jurisdiction.

As the land in controversy is located in Grayson county, and as appellee could enjoin the judgment of the McLean justice's court, if void, in any court of com-

petent jurisdiction, it follows. that the judgment of the Grayson circuit court was proper, provided that the judgment of the McLean justice's court is void.

The only remaining question to be determined then is: "Is the judgment of the McLean justice's court void?" The action in that court was transitory, and was not required by the Code to be brought in a county other than that in which it was instituted. In such a case, section 78, Civil Code, applies. That section is as follows: "An action which is not required by the foregoing sections of this article to be brought in some other county, may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned." The petition in the McLean justice's court hereinbefore set out, shows that the defendant, H. C. Willis, was a resident of McLean county, while the defendant Tomes (appellee in this action) was a resident of Edmonson county. The record shows that H. C. Willis was served with process in McLean county, while appellee Tomes was summoned in Edmonson county. The plaintiff in that action (now appellant) sued the local defendant, H. C. Willis, to recover damages for the latter's failure to comply with a contract to cut ties. Appellee Tomes was not a party to that contract. However, appellant sought to unite him as a party defendant and thereby to confer upon the McLean justice's court jurisdiction of his person, by attempting, though imperfectly, to charge him with a tort in ordering Willis to stop work. Section 83, Civil Code, provides: "Several causes of action may be united, if each affect all the parties to the action, may be brought in the same county, and may be prosecuted by the same kind of action," &c. Here the cause of action did not affect all the defendants. The cause of action alleged against the local defendant affected him alone, and was an entirely different cause of action from that attempted to be set out against appellee, who was a nonresident of the county. That being true, it follows that appellee was improperly joined. (Johnson v. Brafford, 114 Ky., 96.) But appellant contends that this simply rendered the judgment erroneous, and not void. It is true, this direct question has not been passed upon by this court. In a number of cases, however, the court has held it to be reversible error to render judgment

against the defendant summoned in pursuance of section 78, in a county other than the one in which the action was brought, if he was improperly joined in the action. (Basye v. Brown, et al., 78 Ky., 553; Mequiar v. Rudy, 7 Bush, 432; Fernold v. Speer, 3 Met., 459; Ransdall v. Shropshire, 4 Met., 327.) And in construing section 79, Civil Code, a judgment was held to be void where the defendant was served in a county other than the one in which the action was brought, or where he resided, and he did not make defense before objecting to the jurisdiction of the court. (Ruby v. Grace, 2 Duvall, 540.) But we are unable to perceive why a distinction should be made between cases arising under section 78 and those arising under section 79. In considering the question before us, it must be borne in mind that this is not a case where the court otherwise had jurisdiction of the defendants who were nonresidents of the county where the action was brought, and the petition was merely defective, or there was an improper joinder of parties or of causes of action. A judgment entered under such circumstances would not be void. (Bitzer, et al. v. Morcke, et al., 111 Ky., 299; 23 Cyc., 1092 to 1094.) Nor is it a case where the defendants, who were nonresidents of the county, made defense without objecting to the jurisdiction of the court, or appeared and raised the question of jurisdiction, and that question was decided adversely to them and judgment then entered from which there has been no appeal. In the former case, there would have been a waiver of the question of jurisdiction, while in the latter case the court, having authority to pass upon the question of jurisdiction, its judgment would have been binding and conclusive until set aside within proper time or reversed on appeal. The case before us is one where the only way in which the McLean justice's court could acquire jurisdiction of appellee, who was a nonresident of the county and was also served outside of the county where the action was brought, was by proper joinder with the local defendant, and the record itself discloses that appellee was improperly joined for the purpose of giving the court jurisdiction of his person. It, therefore, follows, that the McLean's justice's court acquired no jurisdiction over the person of appellee, and that the judgment rendered against him by default is void. This view, we think, is sustained by the cases referred to above as

arising under section 78. for while there is no direct adjudication that a judgment rendered under such circumstances was void, the court did hold, in effect, that the trial court acquired no jurisdiction of defendants who were nonresidents of, and served outside, the county where the action was brought, and who were not properly joined as such defendants. Thus in the case of Ransdall v. Shropshire, supra, Shropshire, as the committee of Porter, sued Mahoney and Ransdall in Bourbon county. Mahoney was served in Bourbon county, while process was served on Ransdall in Henry county. The three causes of action set out did not affect the defendants alike. Neither of the defendants appeared. Judgment went by default. Ransdall appealed, and in the opinion the court said:

"The question arises, however, whether the effect of such misjoinder was to give the court below jurisdiction over the claim against the appellant, who was served with process in a distant county from that in which the action was brought. For the appellee, it is insisted that, as one of the defendants to the action was summoned in the county of Bourbon, that court had jurisdiction as to the other defendant, under section 106 of the Code, which provides that every action, except those enumerated in the previous sections, 'may be brought in any county in which the defendant, or one of several defendants, resides or is summoned.'

"This provision does not change materially the former law on the same subject. The object was, and is, to prevent the inconvenience and hardship, which would result from compelling a party to appear and defend a civil action in any county in the State, however distant from his residence or from the county in which he might be summoned. He may be subjected to this hardship only in cases where the cause of action is local, or where it affects himself and others.

"The literal construction now contended for is, we think, inconsistent with the spirit and meaning of the statute, and would practically defeat its object. It would allow a plaintiff to unite in his petition any number of causes of action, however unconnected, either in respect to the parties, or to the nature of the demands, and by the service of process on one of the defendants, in the county in which the action is brought, the plaintiff will be entitled to judgment against all the

others, whatever summoned, unless they appeared and objected to the misjoinder. Several causes of action are allowed to be united in the same petition only, 'where each affects all the parties to the action, may be brought in the same county,' etc. (Sec. 111.) The plaintiff has, in the present case, violated that provision by uniting in his petition several causes of action, neither of which affects all the parties, and all of which could not have been brought in the same county; and, as a consequence of such violation, claims to be entitled to judgment against the appellant on the sole ground that he is a defendant, although improperly so. This would be, in effect, to allow the violation of one provision of the Code to constitute a reason for the violation of another."

Following the rule above laid down, we conclude that appellee did not waive the question of jurisdiction by failing to appear and object to the misjoinder. Nor was it necessary for him to move to set aside the judgment, or, failing in that, to prosecute an appeal. The judgment being void, he had the right to attack it as he has done in this action.

Judgment affirmed.