## LAKE CHARLES RICE MILLING CO. v. PACIFIC RICE GROWERS' ASS'N et al.

(Circuit Court of Appeals, Ninth Circuit. January 21, 1924. Rehearing Denied March 3, 1924.)

### No. 4029.

1. **Agriculture ⚙═6—Bill against rice growers' association held to state cause of action in equity for accounting.**

A bill alleged that complainant contracted with defendants, a large number of rice growers, through their codefendant association, as their agent and trustee, for the milling and handling of their crops; that it made advances to the association for the growers; that the association shipped the rice, and complainant remitted the proceeds to it, but, on information and belief, that it did not make proper distribution of the same and that it had ceased business. It further alleged that the proceeds of the crops were not sufficient to repay complainant's advances and pay its agreed compensation, and prayed an accounting. *Held*, that the bill stated a cause of action in equity, and that all the defendants were properly joined.

**2. Equity ☞46—To exclude jurisdiction, remedy at law must be as practical and efficient as that in equity.**

A remedy at law, to exclude jurisdiction of a federal court of equity, must be as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.

**3. Equity ☞51(2)—When bill maintainable on ground of avoiding multiplicity of suits stated.**

A bill in equity is not multifarious, but is maintainable on the ground of avoiding a multiplicity of suits or actions, where, though recovery in different amounts is sought from a number of individual defendants, there is a common and decisive point of litigation between complainant and all the defendants, and the convenience of complainant in pursuing the single suit in equity is not overcome by the greater inconvenience of such course to defendants.

Appeal from the District Court of the United States for the Northern Division of the Northern District of California; William C. Van Fleet, Judge.

Suit in equity by the Lake Charles Rice Milling Company against the Pacific Rice Growers' Association and others. Decree for defendants, and complainant appeals. Reversed and remanded.

The appellant brought a suit in equity against the appellees for an accounting and for the recovery of a judgment against each of them. The bill alleged that the appellee the Pacific Rice Growers' Association, hereinafter to be called the association, entered into contracts with the other appellees who were individual owners and growers of rice, all residents of the state of California, whereby the latter authorized the association to enter into contracts with the appellant, the substance of which was that said owners and growers agreed to ship rough or paddy rice to the appellant at its mill in Louisiana, the appellant to receive and mill the same as rapidly as possible and sell the clean rice so produced in such manner and at such times as in its judgment would net the best returns to the owners, and specifying the charges of the appellant for its services; that the appellant was to advance freight from the shipping point to its mill and to advance to the association for account of the owners $5 per bag of paddy rice when received, depending upon the quality of the rice as determined by the mill's grader; that the appellant was to make no charge for interest on advances, and the association was to deduct the sum of 5 cents per hundredweight to cover its own regular commission charges out of the final returns made by the appellant. The bill alleged that thereafter the growers shipped to the appellant paddy rice, and that the appellant advanced to the association, pursuant to the agreements, $5 per sack, amounting in the aggregate to $374,310, and paid the freight charges on said rice in the sum of $52,368.02; that the appellant milled said rice and the milling charges thereon under the agreement were $44,064.45; that in pursuance of the agreement the appellant remitted to the association from time to time various sums aggregating $30,363.57, and it still has the further sum of $7,272.26 derived from the proceeds of the sale of said rice which it is willing to pay to the persons who may be adjudged to be entitled thereto.

The bill further alleged that the appellant has milled all the rough rice so shipped to it and has sold the same to the best advantage for the owners thereof and has received from the sale thereof $435,805.49, and that there is now due and owing to it from the appellees the sum of $72,572.81. Upon information and belief the appellant alleged that by reason of its payments to the association, which was acting in a fiduciary capacity both for the appellant and the other appellees, some of the appellees have received a larger portion of the proceeds of the sale of rice than they are entitled to receive, and that others have received less than they are entitled to receive; that the appellant has demanded an accounting from the appellees, but they have each failed and refused to make an accounting and no accounting has been had, and that a

full, complete, and final accounting is necessary in order to determine the respective rights between the appellant and the appellees and between the association and the other appellees. The appellant further alleged on information and belief that on or about October 13, 1921, the directors of the association adopted a resolution to cease all corporate functions, and since said date the said corporation has performed no corporate function and has abandoned its office and principal place of business and no one is in charge of its business or property. On a motion to dismiss for want of equity, for multifariousness, and for misjoinder of parties defendant, the suit was dismissed.

McCoy & Moss, of Lake Charles, La., and William E. Kleinsorge, of Sacramento, Cal., for appellant.

Arthur C. Huston, of Woodland, Cal., for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The court below held that the rights of the appellant as against each of the appellees were wholly separate and distinct as arising under independent contracts with each, and that there was no community of interest between them. It may be conceded that under the provisions of section 267 of the Judicial Code, enacted for the purpose of emphasizing the protection of a trial by jury guaranteed by the Seventh Amendment, and providing that no suit in equity may be maintained in any case where a plain, adequate, and complete remedy may be had at law, if the case here is one in which no equitable rights are involved and the actions against the 49 individual defendants are all distinct and involve different issues and different proofs, the ruling of the trial court was correct and the cause was properly dismissed. But we do not so regard the case. The appellant, in conducting its milling operations, dealt with these 49 growers and owners of rice, not directly, but through their trustee, the association. The rice, when received by the appellant, was necessarily mingled in a mass, and after the cleansing process it must have been sold by the appellant in mass and without attempting to distinguish the rice of one owner from that of another. The money remitted for the benefit of the owners was not sent to them directly, but to their trustee. According to the allegations of the bill the trustee has not equitably distributed the money. It has paid to some more and to others less than their proportionate share. The appellant still has in its possession $7,272.26 of the proceeds of the sale of rice, but it claims that a large balance is due it on its dealings with the appellees, notwithstanding that it has sold the rice in the manner stipulated in the contracts. Taking the averments of the bill to be true, it appears therefrom that the appellant cannot without an accounting ascertain the amount of each rice owner's share of liability for the unpaid balance which it claims. We cannot agree with the appellees' contention that whether or not the association properly accounted to its principals is a matter with which the appellant has no concern. The amount which the appellant is entitled to recover against the appellees, if any amount is still due and owing to it, depends upon the amount which each appellee has received at the hands of the association.

[2] But even if there were no necessity for an accounting in equity, other grounds for the interposition of a court in equity sufficiently

appear in the allegations of the bill. From the facts alleged it seems obvious that if there is a defense to the appellant's demand it must be a defense which is common to all the appellees. This is not a mere conglomeration of actions at law for the recovery of money involving different issues and different proofs. The appellees here are not idle spectators as to every cause of action except their own. On the contrary, each of them has an immediate interest in the causes of action against his codefendants and in the questions of law and fact involved. The appellees are all residents of the rice growing area in the Northern district of California. By joining them in a single action the interests of all parties and of the court will be subserved and a multiplicity of suits will be avoided.

In Boyce v. Grundy, 3 Pet. 210, 215, 7 L. Ed. 655, it was said:

"It is not enough, that there is a remedy at law; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration, as the remedy in equity."

And in Cruickshank v. Bidwell, 176 U. S. 73, 81, 20 Sup. Ct. 280, 283 (44 L. Ed. 377), the court said:

"Inadequacy of remedy at law exists where the case made demands preventive relief, as, for instance, the prevention of multiplicity of suits."

In Gaines v. Chew, 2 How. 619, 642, 11 L. Ed. 402, it was said:

"In general terms a bill is said to be multifarious, which seeks to enforce against different individuals, demands which are wholly disconnected. * * * It is well remarked by Lord Cottenham, in Campbell v. McKay, 7 Simon 564, and in 1 Mylne and Craig, 603, 'To lay down any rule, applicable universally, or to say, what constitutes multifariousness, as an abstract proposition, is, upon the authorities, utterly impossible.' Every case must be governed by its own circumstances; and as these are as diversified as the names of the parties, the court must exercise a sound discretion on the subject."

Said the court in the leading case of Hale v. Allinson, 188 U. S. 56, 77, 23 Sup. Ct. 244, 252 (47 L. Ed. 380):

"Each case, if not brought directly within the principle of some preceding case, must, as we think, be decided upon its own merits and upon a survey of the real and substantial convenience of all parties, the adequacy of the legal remedy, the situations of the different parties, the points to be contested and the result which would follow if jurisdiction should be assumed or denied; these various matters being factors to be taken into consideration upon the question of equitable jurisdiction on this ground, and whether within reasonable and fair grounds the suit is calculated to be in truth one which will practically prevent a multiplicity of litigation and will be an actual convenience to all parties and will not unreasonably overlook or obstruct the material interests of any. * * * We are not disposed to deny that jurisdiction on the ground of preventing a multiplicity of suits may be exercised in many cases in behalf of a single complainant against a number of defendants, although there is no common title nor community of right or interest in the subject-matter among such defendants, but where there is a community of interest among them in the questions of law and fact involved in the general controversy."

[3] It may be conceded that, as a general rule, a bill is multifarious where it joins independent causes of action and it does not appear that there is any ground of defense common to the defendants and the bill does not pray for equitable relief but merely seeks to collect a definite

sum from each defendant. Fidelity Trust & Safe Deposit Co. v. Archer, 179 Fed. 32, 103 C. C. A. 16. On the other hand, where there is a common point of litigation between the parties defendant, the rule is well stated in Wyman v. Bowman, 127 Fed. 257, 263, 62 C. C. A. 189, 195:

"This court has repeatedly · held—and that holding is sustained by the great weight of authority—that a bill in equity against several defendants separately liable either at law or in equity may be maintained, in order to avoid a multiplicity of actions at law or of suits in equity, whenever there is a common and decisive point of litigation between the complainant and the defendants, the complainant has no remedy at law as prompt, practical, and efficient to attain the ends of justice as the suit in equity, and the convenience of the complainant in pursuing the single suit in equity is not overcome by the deeper inconvenience of such a course to the defendants."

Among the cases sustaining the rule are Bailey v. Tillinghast, 99 Fed. 801, 40 C. C. A. 93; Illinois Cent. R. Co. v. Caffrey (C. C.) 128 Fed. 770; Pennsylvania Co. v. Bay (C. C.) 150 Fed. 770; Alsop v. Conway, 188 Fed. 568, 575, 110 C. C. A. 366; Osborne v. Wisconsin Cent. R. Co. (C. C.) 43 Fed. 824.

The decree is reversed, and the cause is remanded for further proceedings in accordance with the foregoing views.