## Advance Publishing Company's Trustee in Bankruptcy v. Billups et al.

(Decided March 22, 1929.)

BROWNING & REED and HAGER, PRICHARD & MALIN for appellant.

ROBT. T. CALDWELL, WALKER & PHIPPS, WILSON & ROBINSON, J. F. COLDIRON, W. D. O'NEAL, C. F. SPENCER, A. O. CARTER, C. F. SEE, JR., BEN F. THOMPSON, and G. W. E. WOLFORD for appellees.

716

Opinion of the Court by Drury, Commissioner— Reversing.

By the judgment of the trial court, the appellant, Howard Van Antwerp, trustee, etc., was required to elect against which one of several defendants joined in one action he would proceed, and upon his election to proceed against Harry T. Kerns, his petition was dismissed without prejudice as to the appellees Billups et al., and he has appealed. It is alleged in the petition that the appellees Billups et al., signed a certain paper of which it is alleged that this is a copy:

> "We, the undersigned hereby severally subscribe for the number of shares of stock set opposite our respective names in the Advance Publishing Company, a corporation, which is to have its chief office at Ashland, Ky., and we agree to pay for same at the rate of One Hundred Dollars per share in installments as called for by the Directors hereafter to be elected.
>
> "This subscription is not to be binding unless Fifty Thousand Dollars or more is subscribed. This 16th day of July, 1926."

The Advance Publishing Company was about that time duly organized as a corporation with a capital stock of $100,000, divided into 1,000 shares of $100 each. The total amount of the subscriptions received was $65,150. The board of directors began to call upon the subscribers to pay in, and did call on them to pay 10 per cent. of their subscription on September 11, 1926; a like call was made on October 7, 1926, November 11, 1926, and December 11, 1926. Some of these subscribers paid and others did not, and in 1927 the Advance Publishing Company was adjudged a bankrupt by the United States District Court for the Eastern District of Kentucky. At a meeting of its creditors held shortly thereafter, the plaintiff, Howard Van Antwerp, was duly elected trustee of the estate of the bankrupt, and executed bond for the faithful performance of his duties, which was approved, and he is now so acting.

On June 23, 1927, Van Antwerp, as trustee, filed in the United States District Court a petition asking for an order levying assessment and praying a call on unpaid stock subscriptions of the bankrupt corporation. After due notice to the subscribers, the matter was heard on

July 7, 1927, and at that hearing an order was entered determining that the assets of the bankrupt estate, exclusive of stock subscriptions, were insufficient to pay the debts of the bankrupt and the costs of administration, and an assessment for the full amount of the unpaid subscriptions was thereupon made and a call issued for the payment thereof to Van Antwerp, as trustee. Many, if not all, of such subscribers failed to pay at the appointed time, and Van Antwerp as trustee was directed to sue them in the Boyd circuit court upon their stock subscriptions; it being recited that the order was made without prejudice to the right of any defendant to make such defense as might affect his individual liability thereon, but that such defense should not attack the administrative action of the District Court in determining the need for such assessment, or in making it. Accordingly, Van Antwerp as trustee began this action in equity in the Boyd circuit court, naming as defendants said delinquent subscribers, and they were numerous, stating the number of shares subscribed for by each, the amount paid upon such subscriptions by each, and the balance that each owed thereon, and Van Antwerp as trustee asked for a judgment against each of the respective defendants for the balance due from such defendant, for his costs, and for all further and proper relief.

Numerous and various were the steps taken by the defendants to avoid the entry of a judgment against them. Some filed what they called an answer to the jurisdiction. Some moved the court to quash the summons and the service thereof because service was not had upon them in Boyd county. Some filed special demurrers alleging there was a defect of parties. Some demurred to the jurisdiction. Some pleaded a misjoinder of parties, and one Harry T. Kerns filed a motion to require Van Antwerp as trustee to elect which of the parties and causes of action he would prosecute. It is not worth while to review the action of the court on these various pleas, motions, etc., further than to say that the court entered an order treating all of the above pleas, motions, objections, etc., as motions to elect, and when required to elect, over his objection, Van Antwerp as trustee elected to prosecute the cause of action asserted against Harry T. Kerns, and thereupon his petition was dismissed by the court without prejudice as to the appellees Billups et al.; hence this appeal. Van Antwerp cites section 245 of the Fourth Edition of Pomeroy's Equity Jurisprud-

ence, also the cases of: Hale v. Allison, 188 U. S. 56, 23 S. Ct. 244, 47 L. Ed. 380; Bailey v. Tillinghast (C. C. A.) 99 F. 801; Commodores Point Terminal Co. v. Hudnall (D. C.) 283 F. 150; Lake Charles Rice Milling Co. v. Pacific Rice Growers' Ass'n (C. C. A.) 295 F. 246; Alsop v. Conway (C. C. A.) 188 F. 568; I. C. R. Co. v. Baker, 155 Ky. 512, 159 S. W. 1169, 49 L. R. A. (N. S.) 496; Anderson v. Anderson, 80 Ky. 638; Bryant v. Stephens, 82, S. W. 423, 26 Ky. Law Rep. 718; Rural Credit, etc., v. Jett, 205 Ky. 604, 266 S. W. 240; Louisville Banking Co. v. Eisenman, 94 Ky. 83, 21 S. W. 531, 1049, 14 Ky. Law Rep. 705, 19 L. R. A. 684, 42 Am. St. Rep. 335; Lock v. Stout, 173 Ky. 304, 191 S. W. 90.

Upon the authority of the last-cited case, we have concluded that the trustee had the right to sue all these defendants jointly in this one equitable acion. The appellees rely upon: Anderson v. Mt. Sterling Tel. Co., 86 S. W. 1119, 27 Ky. Law Rep. 868; Darnall v. Jones, 72 S. W. 1108, 24 Ky. Law Rep. 2090; Mattingly v. Corbit, 7 B. Mon. (46 Ky.) 376; Basye v. Brown, 78 Ky. 553; Johnson v. Bradford, 114 Ky. 96, 70 S. W. 193, 24 Ky. Law Rep. 864; Willis v. Tomes, 141 Ky. 431, 132 S. W. 1043; Hilton v. Hilton, 110 Ky. 522, 62 S. W. 6, 22 Ky. Law Rep. 1934, in support of their contention, which is that Van Antwerp, as trustee, has no more right to sue them in one equitable action in Boyd county than the butcher would have to sue all his delinquent customers in one action in the same county. They are mistaken, and have reached this erroneous conclusion because they failed to properly appreciate the relation of these various delinquent subscribers to the insolvent corporation, and to each other. In looking over the list of those named as defendants, we find one defendant who is sued for $26,-300. If judgment should be obtained against him, and he should pay in full, that would, as we understand the pleadings, be sufficient to pay all these debts; but as soon as this judgment went against him, or, for that matter, before the judgment went against him, he would have the right, by a cross-action against his codefendants, to ask that they be required to contribute their pro rata part of the judgment thus sought or obtained against him, and clearly this defendant thus asserting his rights could do so in equity and could join all his codefendants in one equitable action, so wherefore is it necessary that this circuitous route be taken when the same result can be accomplished by the route Van Antwerp as trustee pro-

posed to take? Therefore we conclude the court erred in requiring Van Antwerp to elect and also erred in dismissing the petition as against Billups et al.

The judgment is therefore reversed.