## Knox County et al. v. Kelly's Adm'x et al.

(Decided May 4, 1937.)

J. LEONARD DAVIS for appellants.

C. F. KELLY for Kelly's Administratrix.

TUGGLE & TUGGLE for themselves.

K. H. TUGGLE for Union Nat. Bank.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Knox fiscal court entered into a written contract with Martin T. Kelly, an attorney at law, on April 20, 1931, authorizing him to institute an action against S. L. Lewis, ex-sheriff of Knox county, to recover certain sums of money claimed to have been withheld unlawfully from the county. The suit was instituted pursuant to the agreement, and the case was twice appealed to this court by Knox county from judgments rendered

against it in the Knox circuit court. Knox County v. Lewis' Adm'r, 253 Ky. 652, 69 S. W. (2d) 1000; Knox County v. Lewis' Adm'r, 260 Ky 254, 84 S. W. (2d) 25. The opinion on the last appeal, reversing the judgment of the Knox circuit court, was rendered June 21, 1935.

Martin T. Kelly died December 2, 1935, and shortly thereafter the case against Lewis was settled, it being agreed that Knox county was entitled to recover $16,721.30. Martin T. Kelly died a resident of Bell county, and his widow, Anna Mae Kelly, qualified in that county as the administratrix of his estate. Through an attorney she requested the fiscal court of Knox county to allow her, as administratrix, a sum equal to 25 per cent. of the amount recovered in the action against Lewis, which she claimed was the amount to which the estate of Martin T. Kelly, deceased, was entitled under the written contract of April 20, 1931. The Knox fiscal court adopted an order allowing her the sum of $500 which she declined to accept. The compromise payment of $16,721.30 was made to Anna Mae Kelly, administratrix of Martin T. Kelly, deceased, Tuggle & Tuggle, attorneys, and W. T. Harris, treasurer of Knox county, and was deposited in their joint account in the Union National Bank of Barbourville under an agreement that the fund could not be withdrawn except upon a check signed by all of the depositors. On May 12, 1936, Knox county and C. C. Evans, who had succeeded W. T. Harris as treasurer of Knox county, brought an action against Anna Mae Kelly, administratrix of the estate of Martin T. Kelly, and Tuggle & Tuggle, attorneys, in which they asked for a mandatory injunction to require Anna Mae Kelly to sign a check payable to the treasurer of Knox county for the money on deposit in the Union National Bank, Barbourville, Ky., to the credit of Anna Mae Kelly, administratrix, Tuggle & Tuggle, attorneys, and C. C. Evans, treasurer of Knox county, less the sum of $500, attorney's fee, which had been allowed by the fiscal court for legal services rendered by Martin T. Kelly, deceased. It was alleged in the petition that Tuggle & Tuggle had been paid all attorneys' fees due them, and that they and C. C. Evans, treasurer of Knox county, were ready, able, and willing to sign a check for the funds on deposit in the Union National Bank. Tuggle & Tuggle were summoned in Knox county, and Anna Mae Kelly was served with

process in Bell county. She moved to quash the summons and also the notice for a mandatory injunction, and she also demurred specially to the petition (1) because the court had no jurisdiction over her person; and (2) because there was a defect of parties defendant. Tuggle & Tuggle filed an answer admitting that they had been paid in full for their services in the suit mentioned in the petition, and stating that they were ready, able, and willing to sign a check against the fund mentioned in the petition. The circuit court overruled the motion of the administratrix to quash the summons served upon her in Bell county and also overruled her special demurrer, and granted a temporary injunction requiring her to sign a check against the funds in the Union National Bank for the sum of $8,363.67. It was ordered that the remainder of the funds, amounting to $4,500, be left in the bank. It appears that the original deposit had been reduced to $12,863.67 by withdrawals to which all parties had agreed. Upon application to a judge of this court, the motion to dissolve the temporary injunction granted by the Knox circuit court was sustained on the ground that the Knox circuit court did not acquire jurisdiction of Anna Mae Kelly, who resided and qualified in Bell county and was served with summons there. Thereupon the plaintiff filed an amended petition making the Union National Bank of Barbourville a party defendant, and asked for a judgment against Tuggle & Tuggle, attorneys, and the bank for the amount of the deposit. Summons was again served on Anna Mae Kelly in Bell county, and she again filed a motion to quash. Tuggle & Tuggle, attorneys, again filed an answer disclaiming all interest in the fund deposited in the bank and asserting their willingness to sign a check for same. The Union National Bank of Barbourville filed an answer denying that it was a necessary party and stating that it claimed no interest in the fund but was merely a depository and willing to pay out the fund when a check was properly drawn thereon. The court sustained the plea of Anna Mae Kelly, administratrix, to the court's jurisdiction, and the plaintiffs have appealed.

The amended petition added nothing to the original petition that would give the Knox circuit court jurisdiction of Anna Mae Kelly, administratrix of the estate of Martin T. Kelly. Knox county is, in effect, attempting

to have construed in the Knox circuit court the contract which it made with Martin T. Kelly for legal services. Neither the bank nor Tuggle & Tuggle are interested in that controversy. The bank cannot pay out the fund in controversy until a check is presented to it signed in the manner prescribed in the agreement entered into at the time the deposit was made, and no judgment can be entered against the bank until the terms of that agreement are complied with. It is ready, able, and willing to pay out the fund when such a check is presented. The bank is merely a nominal party, and its interest is not such as to give the Knox circuit court jurisdiction of the only necessary party who resides in Bell county and was summoned there.

Section 78 of the Civil Code of Practice provides that a transitory action may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned. Neither of the defendants, other than the administratrix, is asserting any adverse claim or interest, and neither of them is a necessary party to a final determination of the real question at issue between appellants and the appellee Anna Mae Kelly, administratrix. Tuggle and Tuggle and the bank being merely nominal defendants, service of process upon them in Knox county did not give the Knox circuit court jurisdiction of Anna Mae Kelly who was served with process in Bell county. Basye v. Brown, 78 Ky. 553; Louisville Home Telephone Co. v. Beeler's Adm'x, 125 Ky. 366, 101 S. W. 397, 31 Ky. Law Rep. 19; Willis v. Tomes, 141 Ky. 431, 132 S. W. 1043. As was said in Basye v. Brown, supra:

"This is manifestly an attempt to give such jurisdiction when the law does not contemplate it, and in such cases it is the duty of the courts to look to the spirit as well as to the letter, and to refuse to exercise a jurisdiction thus attempted to be conferred."

The judgment is affirmed.