JUDGE PETERS
delivered the opinion oe the court.
This suit was brought by appellant in the Louisville Chancery Court, and in his petition he alleged, in substance, that in January, 1868, he engaged J. A. Eudy and E. C. Jenkins to purchase and prize tobacco for him, and furnished to them fifteen hundred dollars to pay for the tobacco to be purchased; and for their services in buying, prizing, and shipping the tobacco to him at Louisville he agreed to pay them a certain commission, they to render him a true account of the manner in which they had performed said service. That they had only shipped to him tobacco to the value of $696.02, for which commissions amounted to the sum of $82.88, entitling them to a credit of $778.90, leaving a balance due him of $721.10, which the defendants had wrongfully converted to their own use; that they had failed to render to him a true and faithful account of their transactions as his agents; that in an account rendered July 3, 1868, they had credited him with five hundred dollars only as the amount advanced by him, and that defendant Rudy had presented a false and fraudulent statement of the accounts between them, and had fraudulently appropriated to his own use, while acting as his agent, one thousand dollars of his money, and bought large quantities of tobacco with said money, which he had kept or appropriated to his own use, and refuses to account for the money or tobacco. Wherefore he prays that defendant be compelled to settle his accounts truly and faithfully, for a judgment for the balance due, and for all proper relief. He makes a letter written by defendant Eudy to him, dated March 8, 1868, part of the petition, marked B.
The summons was served on Jenkins in Jefferson County, *434 his residence being in Louisville, and on Rudy in McLean County, where he resided.
Rudy demurred to the petition on the ground that the court had no jurisdiction of his person. His demurrer was overruled. He then filed his answer, in which he pleaded to the jurisdiction of the court, and with other grounds of defense pleaded a counter-claim.
On final hearing the court below dismissed the petition as to Rudy, for the reason that it had no jurisdiction against him, and rendered judgment for the amount claimed against Jenkins, he having made no defense; and from the judgment dismissing his petition against Rudy plaintiff has appealed.
The first and, as we regard, a proper construction was given to section 108, Civil Code, by this court, in the" case of Fernold v. Speer, 3 Met. 459, where it is decided, under said .section, that if it appear from the petition that no cause of action is set forth against the defendant served with the summons in the county in which the action is brought, it would be erroneous to render judgment against a defendant served with a summons in a different county.
In like manner, if it should turn out from the proof that the plaintiff failed to make out a cause of action against the defendant served with the summons in the county in which the suit was brought, it would be erroneous to render judgment against a defendant served with a summons in a different county when he pleads to the jurisdiction of the court.
The privilege of being sued in the county of his residence, or in the county in which the summons is served on a defendant, can not be taken away from him by joining with him in the suit a defendant who may be served with the summons in the county in which the suit is brought, unless a cause of action is shown by the pleadings and proof to have existed against such defendant, or a joint cause of action again'st both. Unless therefore appellant has shown by his pleadings and proof he *435 was entitled to a judgment against Jenkins, the petition as to appellee was properly dismissed; and that is the first question to be decided.
The allegations of the petition are inconsistent, if not contradictory. In one paragraph appellant charges that the defendants had made out and presented a false and fraudulent account in failing to credit him with one thousand dollars, which he had furnished them to buy tobacco, and had wrongfully converted the money to their own use; and makes an account which he alleges was furnished to him by them a part of his petition, which account is made out in the name of Eudy alone; and in another paragraph of his petition he charges Eudy with making out the false account, with having fraudulently used the money to buy tobacco for himself, which he subsequently sold for a profit, and appropriated the proceeds to his own use, and concludes with a prayer for a judgment against Eudy.
The evidence of Jenkins, contained in two depositions, is confused and unsatisfactory, leaving the mind in doubt whether he was engaged with appellee as agent in the business for appellant, or whether he was not a mere messenger to communicate to appellee the directions and, plans to be pursued by him for appellant; and when his evidence is considered in connection with the letters of appellant addressed to appellee, filed with his answer in this case, that he acted in that capacity is conclusively established. As showing the tenor of these letters, we quote a paragraph from the one dated July 3, 1868. After having said in a previous part of the letter that Mr. Jenkins has nothing whatever to do with the tobacco bot and prized for me by you, and giving his reasons therefor, he proceeds: “I expect to settle with you and not with Mr. Jenkins, for the reason that you are the only one that I regard as having anything to do with it, except that seeing Mr. Jenkins frequently. I would communicate with him fully what I *436 wished done, and get him to communicate the same to you; but I have kept the accounts in your name, and will of course make the settlement with you, for the reason that Mr. J. knows nothing about the matters, except the first purchases made and what you have since told him.”
Taking appellant’s own version of these transactions, and the connection that Jenkins had with them, it does not appear that he and appellee were jointly engaged for appellant, or jointly responsible to him; and although judgment was rendered against Jenkins, he having made no defense to the action, that fact did not entitle appellant to a judgment against appellee in that court.
Wherefore the judgment is affirmed.