JUDGE PETERS
delivered the opinion op the court.
On the 10th clay of February, 1873, appellee instituted an action-in the Scott Circuit Court against J. D. Duckworth, A. F. Duckworth, Eli Bruce, and Joseph Cantrill on a note alleged to have been executed by them to him for $551.26, due the 12th day of October, 1872.
A summons issued on the filing of said petition, directed to the sheriff of Franklin County, against J. D. Duckworth, and was returned executed by the sheriff of that county on the 14th of February, 1873; and a summons issued on'the day the petition was filed against A. F. Duckworth, Eli Bruce, and Joseph Cantrill, directed to the sheriff of Scott County, and was returned by him executed on Joseph Cantrill on the 28th of February, 1873, and not found as to A. F. Duckworth and Eli Bruce.
J. D. Duckworth failed to appear in the action and object to the proceedings before the trial; and the process having been executed on him more than ten days before the commencement of the March term, 1873, of the Scott Circuit Court, judgment was rendered against him on the 6th day of the last-named month and year, and continued as to the other defendants.
On a subsequent day of the term J. D. Duckworth appeared, and moved the court to set aside the judgment against him; and on the trial of the motion he admitted that when the action was commenced he and Joseph Cantrill were, and continued up to and after the rendition of said judgment to be, *53 residents of the county of Scott. His motion was overruled by the court below, and he has appealed to this court.
Section 108 of Civil Code provides that where any action embraced in section 106 (and this action is embraced in that section) is against several defendants, the plaintiff shall not be entitled to a judgment against any of them on the service of a summons in any other county than that in which the action is brought, where no one of the defendants is summoned in that county or resided therein at the commencement of the action, or where, if any of them resided or were summoned in that county, the action is discontinued or dismissed as to them, or judgment therein is rendered in their favor, unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceedings against him.
The proper construction of that section, as we understand it, is that where an action is brought against two or more defendants, and the summons is served on one of them in a county different from the one in which the action is brought, no judgment can be rendered in the action against the defendant summoned in a different county if the action is dismissed or discontinued as to the defendant or defendants summoned in the county in which the action was brought, or where judgment is rendered in his or their favor. Or, in other words, no judgment can be rendered against a defendant summoned in a county different from the one in Avhich the action is brought, unless the case is ready for judgment against a defendant summoned in the county in which it is brought. And therefore, if. a judgment be rendered, against the defendant not summoned in the county where the action is brought before one Avas or could be rendered against the one summoned in that county, it Avould be rendered before the action stood for trial, and according to the provisions of the Civil Code would be deemed a clerical misprision. (Section 578.)
*54 This action as to Joseph Cantrill did not stand for trial, and the judgment was prematurely rendered against J. D. Duckworth at that term, and the court below erred in refusing to sustain his motion on a subsequent day of the term to vacate the judgment against him.
Wherefore the judgment is reversed, and the cause is remanded with directions to set aside the judgment against J. D. Duckworth and for further proceedings consistent herewith.