## Austin, et al. v. First National Bank of Scottsville.

(Decided May 29, 1912.)

### Appeal from Allen Circuit Court.

1. Actions—When Bankrupt Not Improper Party—Jurisdiction.— Under section 78 of the Civil Code of Practice, which provides that an action may be brought in any county in which the defendant, or any one of several defendants who may be properly joined in the action, resides or is summoned, the fact that one of the parties has been adjudged a bankrupt does not make him an improper party so as to defeat the jurisdiction of the circuit court of the county in which the bankrupt resides.

2. Surety—Application of Mortgaged Property to Payment of Debt— When Surety Cannot Complain of Judgment.—Where one of several sureties held a mortgage in his own name for his own protection, and the circuit court required him to apply the proceeds of a sale of the mortgaged property to the payment of the debt of all the sureties, the sureties thereby obtained all the relief to which they were entitled, and cannot complain that judgment

was given against all of them upon the note for which they were joint sureties. :

3. Surety—When Required to Account for Commission—Rights of Holder of Note.—Where one of several sureties received commissions from the principal for obtaining the loan for him, such surety will be required to account to all the sureties for the commission so received; and the fact that he has repaid these commissions to the principal from whom he received them, can in no way affect the rights of the holder of the note, who took no part in that transaction.

BAIRD & RICHARDSON for appellants.

GOAD & OLIVER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

W. A. Austin was indebted to H. P. Gardner in the sum of $900 evidenced by two notes for $500 and $400 respectively, with Gardner, C. Z. Austin, Downing, Hughes, and Spillman as sureties thereon. The five sureties were not all sureties upon both notes, but some of them were sureties upon each of the notes; while Gardner was both surety and payee. On March 30, 1910, an arrangement was made by which W. A. Austin and the sureties were, to take up the two notes by executing a new note to Gardner for $700, payable six months thereafter, and paying the balance of $200 in cash. This arrangement was carried out by executing the new note, and by Austin giving his check to Gardner for the $200 cash payment. This check was not paid at the time. Subsequently, Gardner assigned the note to the appellee bank for value, and in the ordinary course of business, and on October 26, 1910, the bank instituted this action against all the parties to the note in the Allen Circuit Court, to recover the $700, with interest. The principal, W. A. Austin, interposed his discharge in bankruptcy in abatement of the action as against him. The defendants, C. Z. Austin, Downing, Hughes, and Spillman entered a special appearance and moved the court to quash the summons and the sheriff's return thereon against them, upon the ground that they were served with process in Monroe county, the county of their residence, and that summons was not served in Allen County on any person against whom judgment could be rendered; but this motion was overruled. Besides a traverse of the assignment, the answer presents these af-

firmative defenses: (1) That W. A. Austin was a bankrupt, and that H. P. Gardner, the only other defendant residing in Allen County, was cashier of the appellee bank, and had assigned said note to the bank with the fraudulent intent and purpose of enabling appellee to, sue appellants in Allen County, which was not the county of their residence; (2) that in 1907 Gardner had taken a chattel mortgage from W. A. Austin, the principal debtor, for $600, which he had subsequently compromised and released for $235, and that the other sureties were entitled to the benefit of that mortgage; (3) that the $700 note contained $350 usury, and a bonus or commission paid to Gardner; and, (4) that Gardner had subsequently returned this bonus or commission to Austin for the purpose of defrauding appellants, and to prefer Gardner as a creditor of Austin's, whereby, it is claimed, appellants were discharged from all liability upon the note. The lower court gave the bank a judgment upon the note against all the parties thereto, for $700, and required Gardner to account for his commissions and the proceeds of the mortgage, as hereinafter pointed out; and from that judgment the sureties prosecute this appeal.

1. Section 78 of the Civil Code of Practice, provides that an action of this character may be brought in any county in which the defendant, or any one of several defendants, who may be properly joined as such in the action, resides or is summoned. This defense is based upon the theory that W. A. Austin, being a bankrupt, was not a proper party defendant to the action, and that Gardner, who was both a surety and the payee of the note, had eliminated himself as a proper party by the alleged fraudulent transfer to the bank for the purpose of obtaining jurisdiction. The action, however, was properly maintainable in Allen County, since both Austin and Gardner were proper parties to the action, and were summoned in that county. The fact that Austin was a bankrupt did not make him an improper party to the action, since he was originally liable upon the note, and might not have relied upon his bankruptcy to defeat that liability. There is neither charge nor proof that the bank participated in any fraud; neither are we prepared to say that the allegation that Gardner assigned the note for the purpose of enabling the bank to sue in Allen County, could affect the question of jurisdiction. The bank is a bona fide holder of the note,

for value, and had the right to sue wherever the law gave it that right, regardless of the intention of Gardner. This is not a case where service upon a defendant has been fraudulently procured, by bringing the defendant within the jurisdiction of the court. In cases of this latter character a plaintiff will not be permitted to obtain jurisdiction. In the case at bar, however, appellee was clearly within its right in maintaining this suit in Allen County.

2. The mortgaged property sold for $305, and of this amount $200 was applied to the payment of the check given by Austin as the cash payment in reducing the original loan from $900 to $700. The sureties, therefore, received the full benefit of this application of the $200, and the circuit judge required the remaining $105 to be accounted for by Gardner, by giving appellants a judgment against Gardner for that amount. It will thus be seen that appellants have obtained all the relief to which they were entitled by reason of the chattel mortgage which Gardner took in his own name.

3. The evidence shows that the $700 note contained $65 usury, $100 as commissions or bonus paid to Gardner for making the loans, which, added to the $105 surplus realized by Gardner out of the chattel mortgage, and above referred to, made a total of $270 which the circuit court required Gardner to refund to the appellants, by giving them a judgment against him for that amount. They have, therefore, recovered all that they were entitled to upon this account.

4. The last defense presents no more substantial ground for a reversal than the others. The fact that Gardner returned to W. A. Austin the commissions and bonus paid to him by Austin, could in no way affect the rights of the appellee as owner of the note, since it took no part whatever in that transaction.

These equitable matters of adjustment between the sureties were properly confined to them; they cannot be permitted to diminish appellee's right to recover its debt against all the sureties equally and according to the terms of their joint obligation.

The judgment of the circuit court gave appellants all the relief to which they were entitled, and it is affirmed.