## Knoxville Banking & Trust Company v. Mershon, etc.

(Decided February 12, 1913.)

Appeal from Jefferson Circuit Court.
(Common Pleas, Third Division.)

Bills and Notes—Endorser May Be Sued Jointly With Maker—Jurisdiction.—The endorser of a note may be sued jointly with the maker, and if the endorser is served in the county where the suit is brought the court has jurisdiction although the maker resides in another county, and is served there, and the endorser went to the county where the suit was brought for the purpose of the process being served on him there pursuant to an agreement with the plaintiff that he would do so.

R. A. CHILES and DUFFIN, SAPINSKY & DUFFIN, for appellant.

J. N. SHARP, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.—
Reversing.

I. J. Bauhard and Mel Bauhard are partners doing
business under the firm name of Bauhard Bros., and re-
siding at Martinsville, Indiana. On July 2, 1908, M. L.
Pearce and thirteen other persons executed three notes
to Bauhard Bros., payable at the First National Bank of
Corbin, Kentucky; two of the notes being for $850, and
one for $900. Bauhard Bros. sold and endorsed the
notes to the Knoxville Banking and Trust Company. The
notes were not paid at maturity and were protested for
non-payment. On November 10, 1911, the Knoxville
Banking & Trust Co. brought this suit in the Jefferson
circuit court against the Bauhard Bros., the endorsers
and twelve of the obligors in the note. Mel Bauhard was
served with process in Jefferson county. The other de-
fendants resided in Knox and Whitley counties, Ken-
tucky, and were served with process there. Mel Bauhard
made no defense to the action but the other defendants
who had been served in Whitley and Knox counties and
resided there, entered a motion to quash the process and
the officer's return thereon as to each of them on the
ground that none of them resided in Jefferson county;
that none of the defendants that might be properly joined
as such in the action, was summoned or resided in Jeffer-
son county; that the plaintiff and Bauhard Bros. entered
into a conspiracy to obtain jurisdiction against the other
defendants by Mel Bauhard appearing in Jefferson
county for the purpose of being served, and that the
jurisdiction against the other defendants was procured
by fraud of the plaintiff and Bauhard Bros. On the hear-
ing of the motion it was shown that in the year 1911, the
plaintiff instituted a suit in the Whitley circuit court
against the makers on the notes; that an answer was filed
by the defendants pleading that they did not sign or exe-
cute the notes; and the case coming on for trial, the plain-
tiff at the conclusion of its testimony, dismissed its case
without prejudice. After this the plaintiff instituted an
action against the same defendants in the United States
circuit court for the Eastern District of Kentucky at Cov-
ington, the defendants appeared and obtained an order
transferring the case for trial at London, Kentucky. The
plaintiff then dismissed its case without prejudice. It
also appeared from the proof heard on the motion, that
the plaintiff dismissed its case in the Whitley circuit

court, and in the United States circuit court for the reason that it apprehended that under local conditions it could not obtain a fair trial before the local jurors; that the attorney for the plaintiff after these suits were dismissed, requested Mel Bauhard to come to Louisville, telling him that a suit would be instituted in the Jefferson circuit court, and asking him to come to Louisville so that process could be served on him there; and that by giving the Jefferson circuit court jurisdiction, the matters involved in the case could be tried out before an unbiased jury and justice could be obtained; that pursuant to this letter Bauhard did come to Louisville, and the process was served on him there, and was so served for the purpose of giving the Jefferson circuit court jurisdiction. On this showing the circuit court sustained the motion of the defendants to quash the process. The plaintiff appeals.

Section 78 of the Civil Code provides:

"An action which is not required by the foregoing sections of this article to be brought in some other county, may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

The action is not required by any of the foregoing sections to be brought in some other county, and is governed by this section. Bauhard Bros., being the endorsers of the notes, may be sued jointly with the makers. Bauhard Bros. were therefore properly joined in the action as defendants. While neither of the Bauhard brothers lived in Jefferson county, Mel Bauhard was summoned there; and by the letter of the statute, the action may be brought in any county in which one of the defendants who is properly joined as such in the action, is summoned. But it is insisted that Mel Bauhard having come to Louisville for the express purpose of being summoned there to give the court jurisdiction, at the request of the plaintiff and under an agreement with the plaintiff, the letter of the statute should not control. By section 80 of the code no judgment shall be rendered against defendants served with process out of the county in which the action is brought, if the action is discontinued or dismissed as to the defendant who is summoned in the county or if judgment be rendered in his favor, unless the defendant summoned out of the county make defense without objecting to the jurisdiction of the court. In Pottinger v. Mayfield, 14 Ben. Mon.,

647, this section was applied; and it was held that no judgment could be taken against the defendant who was not served with process in the county unless judgment had been first obtained against the defendant served with process in that county. The same rule was applied in Ward v. George, 1 Bush, 357; Duckworth v. Lee, 10 Bush, 51. In McGuire v. Rudy, 7 Bush, 432, the defendant who was served with process in the county filed no answer, and judgment was rendered against him by default. Judgment was afterwards rendered against the defendant who was served out of the county, but on appeal it was held that no cause of action was stated against the defendant served in the county and that the judgment against the defendant served out of the county was erroneous. Practically the same ruling was made in Bayse v. Brown, 78 Ky., 553. In Wood v. Wood, 78 Ky., 624, all the defendants resided out of the county. One of them, however, was induced by fraudulent representations to come into the county, and was thus served with process there. It was held that the process should be quashed. In Kennedy v. Davenport, 13 Ben. Mon., 167, the defendants lived out of the county where the suit was brought, but one of them entered his appearance to the action. It was held that his subsequent assent to the jurisdiction only operated upon him and could not affect the others as to whom the court had no jurisdiction. In that case the court said:

"In looking through the cases in this court on the subject of jurisdiction as dependent upon parties, we find the uniform language to be, that in suits in chancery as well as at law, one at least of the necessary parties must have resided or at least have been served with process in the county in which the suit is brought, to give the circuit court of that county jurisdiction over parties resident and served with process in other counties, and who have not appeared, and that unless the party residing or served with process in the county be found subject to a judgment or decree, none can be rendered against other parties who do not appear. We have neither found nor been referred to any case in which the court has decided that the answer of one party is, as to the other parties, to have the same effect as the service of process in the county in which the answer is filed would have had, in giving general jurisdiction over the case, and the other parties, as if

there had been service of process on one of the parties in that county."

Following this case, it was held by the superior court in Ault v. Everitt, 16 R., 93:

"Even conceding that one of the only two defendants properly joined as such in this action entered his appearance, that fact did not give the court jurisdiction of the other, both residing and being summoned in another county, although if the defendant who entered his appearance had been summoned in the county the court would, under section 78 of the code, have had jurisdiction of both."

In Bishop v. Jackson, 28 R., 1136, in a case not unlike this we said:

"Section 78 of the Code of Practice provides that an action like this 'may be brought in any county in which the defendant or in which one of several defendants who may be properly joined as such in an action resides or is summoned.' There is no provision in the code limiting the jurisdiction of transitory actions like this to citizens of this State. The only requirement is that the action shall be brought in the county in which the defendant resides or is summoned. The fact that the plaintiff in the action resided in a foreign State does not prevent him from instituting an action in any county in this State against a defendant, whether the defendant lives in this State or not. If the court has jurisdiction of the subject matter of the action and of the person of the defendant by the execution upon him of process in the county in which the action is instituted, it may be maintained."

Again, in the recent case of Austin v. First National Bank, 148 Ky., 587, where the endorser of the note was joined as a defendant, we said:

"The action, however, was properly maintainable in Allen County since both Austin and Gardner were proper parties to the action, and were summoned in that county. The fact that Austin was a bankrupt did not make him an improper party to the action, since he was originally liable upon the note, and might not have relied upon his bankruptcy to defeat that liability. There is neither charge nor proof that the bank participated in any fraud; neither are we prepared to say that the allegation that Gardner assigned the note for the purpose of enabling the bank to sue in Allen county, could affect the question of jurisdiction. The bank is a *bona fide* holder of the note

for value, and had the right to sue wherever the law gave it that right, regardless of the intention of Gardner. This is not a case where service upon a defendant has been fraudulently procured, by bringing the defendant within the jurisdiction of the court.''

If the plaintiff by any fraudulent representation had induced Mel Bauhard to come to Louisville, and had thus procured the service of process upon him in Jefferson county a different question would be presented. But it is not a fraud that the plaintiff brings the action where one of the defendants wishes it brought, and where this defendant to facilitate the bringing of the action in that jurisdiction, goes to the county that the process may be served upon him. The code allows the action to be brought in any county where one of the defendants who may be properly joined, is summoned and it would be an undue restriction upon the plain language of the statute to say that it does not apply where the defendant voluntarily goes to the county in order that service may be had. In many statutes jurisdiction depends upon residence; and in numerous cases it has been held that the intention with which the residence is taken is immaterial; that the jurisdiction exists if the residence in fact exists. A lawful act does not become unlawful because it may be done by agreement between two parties or to secure for one of them an advantage. If Bauhard had gone to Louisville on business or pleasure, and had been served with process while there, no doubt could be entertained of the validity of the process, although he knew or had reason to know the process would be served when he went there. If he had the right to go there on pleasure knowing the process would be served, can it make any difference that he went there for the purpose of its being served? And if not, can it make any difference that there was agreement beforehand between him and the plaintiff that he would do this? The sum of the matter is the service of process gave the court jurisdiction, and any one of the joint defendants had the same right as the others to give it jurisdiction. To illustrate, suppose one of the other defendants preferred to be sued in Pulaski county and had gone to Somerset and been served there in a suit brought by the plaintiff in that county, could the other defendants have complained? What his reason was for his course, would not affect the validity of his act, if he exercised only a legal right; and what a man may law-

fully do of his own volition does not become unlawful when done under a prearrangement with another. We therefore conclude that the circuit court erred in quashing the process.

Judgment reversed and cause remanded for further proceedings consistent herewith.