## Martin v. Franklin, et al.

(Decided October 2, 1914.)

### Appeal from Knott Circuit Court.

1. Husband and Wife—Use of Wife's Money by Husband—When Wife Cannot Recover.—Where a married woman delivered to her husband $900.00, which she had received as the proceeds of the sale of her property, for the husband to use in his business, and he used it by buying mules which he subsequently sold to a third person, and the unpaid money in the hands of

the purchaser was subjected by attachment proceedings to the payment of the debts of the husband of the married woman, she can not recover the money from the purchaser of the mules.

2.  Action—Transitory Action—Joinder—Dismissal as Against Non-Resident.—Where a resident of another county is joined as defendant with a resident of the county in which a transitory action is brought, and the action is dismissed as against the resident defendant of the county, it should also be dismissed as against the non-resident defendant under section 80 of the Civil Code of Practice.

R. O. BRASHEARS for appellant.

H. H. SMITH and B. F. COMBS for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant, Cordelia Martin, filed this action to recover $365.00 from the appellees, John S. Franklin and Elisha Johnson, and the court having sustained Franklin's demurrer to the petition and dismissed it upon appellant's declination to amend, she prosecutes this appeal.

The petition alleged that the plaintiff, Cordelia Martin, delivered $900.00 to her husband, C. C. Martin, with which to purchase mules and teaming outfits to engage in the logging and lumber business in Greenup County; and that about one year thereafter C. C. Martin quit the logging business and sold two of said mules to the defendant, Elisha Johnson, for $375.00, to be paid three months after the date of sale, which was in March or April, 1911.

As the petition does not allege anything upon the subject, we must assume that Johnson sold the mules as his own and owed C. C. Martin the purchase price. There is no allegation that he gave his note to anybody, or that he ever promised to pay Cordelia Martin any part of the purchase money. Her suit is based upon the theory that the $900.00 which she delivered to her husband more than a year before, was the proceeds of a sale of her property, and consequently, that she was the owner of the mules. Franklin answered the petition upon the merits, but Johnson was not served with process in Knott County.

Some time before Johnson's debt matured, the Bank of Hindman sued Franklin and C. C. Martin upon a joint note for $365.00, and served an attachment upon Johnson to secure the money which he owed Martin. Frank-

lin answered, making no defense, and paid the debt; and by cross petition he alleged that he was surety only for Martin; prayed judgment against him; and attached in Johnson's hands the debt which Johnson owed Martin. By a judgment of July 26, 1911, the Bank of Hindman obtained a judgment for its debt, and sustaining its attachment; and the money that Johnson owed to Martin was paid into court by Johnson and applied to the payment of Franklin's debt, he having secured a judgment sustaining his attachment upon his cross-petition against C. C. Martin.

There is nothing in this record to show that there was any privity whatever between Franklin and the plaintiff, Cordelia Martin; he never owed her anything, or had any transaction with her. She claims that because Franklin, by attachment proceedings, secured the money which Elisha Johnson owed C. C. Martin, which, it is claimed, equitably belonged to Cordelia Martin, the wife, she is thereby entitled to recover it back from Franklin.

Appellant relies solely upon Glover v. Suter, 18 Ky. L. R., 1018, 38 S. W., 869, for a reversal; but an examination of that opinion clearly shows it does not sustain appellant's contentions. Giving the petition its full intendment, it shows that Mrs. Martin loaned or gave her husband, C. C. Martin, the $900.00; that he had the legal title thereto and used it in his own business; and that Franklin, by attachment proceedings, required Johnson, the debtor of C. C. Martin, to apply the purchase money for the mules to the payment of C. C. Martin's debt. The petition failing to show that appellant had any title to or interest in the mules, either legal or equitable, the demurrer thereto was properly sustained, and the petition was properly dismissed as to John S. Franklin.

After the trial court had dismissed the action against Franklin, it dismissed it against Johnson, the only remaining defendant, under section 80 of the Civil Code of Practice, which reads as follows:

"In an action brought pursuant to section 78, against several defendants, no judgment shall be rendered against any of them, upon the service of a summons out of the county in which the action is brought, if no one of them be summoned in that county, nor resided therein when the action was commenced; nor if the action be discontinued or dismissed as to the defendant who resided, or was summoned, in that county; nor if judgment be rendered in his favor, unless a defendant summoned out

of that county making defense without objecting to the jurisdiction of the court. Provided, That a judgment for a defendant, who resided or was summoned in that county upon a plea of his discharge as a bankrupt, shall not prevent a judgment against any other defendant, in an action brought before the commencement of the proceedings in which the discharge was obtained; but after such judgment, upon a plea of discharge in bankruptcy, a defendant not summoned in the county, nor residing therein at the commencement of the action, may, by answer, deny the liability of such bankrupt. The issue as to the original liability of such bankrupt shall be tried as if he were still a party, and the plaintiff shall not have judgment against the defendant not summoned nor residing in the county, unless it be decided that the bankrupt was originally liable."

Section 78, of the Code, above referred to, provides that a transitory action may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned.

This is a transitory action brought in Knott County and Franklin was served with process in that county. Elisha Johnson, the other defendant, not only resided in Floyd County, but was not served with process in Knott County; and the action having been dismissed as to Franklin the only defendant who was served with process in Knott County, it was also properly dismissed as to Johnson under section 80 of the Code, *supra*. Pottinger v. Mayfield, 14 B. M., 647; McGuire v. Rudy, 7 Bush, 432; Duckworth v. Lee, 10 Bush, 51; Basye v. Brown, 78 Ky., 553; Knoxville Banking & Trust Co. v. Mershon, 152 Ky., 171.

Judgment affirmed.