## Second National Bank v. Prichard.

(Decided November 14, 1916.)

### Appeal from Boyd Circuit Court.

1. Action—Joint Defendants in Transitory Action—Service of Process—Dismissal—Judgment.—Where several defendants in a transitory action are sued jointly, and one is served with process in another county, judgment cannot be rendered against him if the action is dismissed as to, or judgment is not rendered against, the defendant served in the county in which the action is brought.

2. Action—Joint Defendants in Transitory Action—Service of Process—Judgment.—Where several defendants in a transitory action are sued jointly, and one is served with process in another county and the action against the defendant who was served in the county in which the action was filed is dismissed, a judgment taken against the defendant who was served in another county, is void.

3. Action—Joint Defendants in Transitory Action—Service of Process—Judgment.—Where several defendants in a transitory action are sued jointly, and one is served with process in another county, and the action is dismissed as to the defendant who was served with process in the county in which the action was filed, the order

of dismissal placed the plaintiff where he would have been had the action not been brought; and, when the action was reinstated upon the docket, the legal effect was the same that would have resulted had the suit then been brought for the first time, and a judgment could not be obtained without a new service of process.

HAGER & STEWART and WILLIS & DAVIS for appellant.

R. S. DINKLE and MATT M. PRICHARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

On October 13th, 1899, J. M. Cottle, J. W. Cottle and J. L. Cottle executed and delivered their joint negotiable promissory note, of that date, to Hannah and Prichard, for $300.00, payable in four months thereafter. Hannah and Prichard discounted the note to the Second National Bank, of Ashland, hereinafter called the bank, for brevity. The note was not paid upon its maturity, and, on December 16th, 1902, the bank sued the makers and endorsers of the note, in the Boyd circuit court. Summons was served upon Hannah in Boyd county, and upon the other defendants in Elliott county. Upon the calling of the case for trial on March 6th, 1907, it was dismissed without prejudice as to the defendant Hannah, and judgment was taken against the Cottles and Prichard.

On November 22nd, 1907, Prichard filed his action, in equity, in the Boyd circuit court, against the bank and the sheriff, who held an execution issued under the judgment of March 6th, 1907, for the purpose of enjoining the collection of the execution, upon the ground that the judgment of March 6th, 1907, was void, because it had been rendered in violation of section 80 of the Civil Code of Practice. That section provides, in substance, that where several defendants in a transitory action are sued jointly, and one is served with process in another county, judgment cannot be rendered against him if the action is dismissed as to, or judgment is not rendered against, the defendant served in the county in which the action was brought.

Manifestly, therefore, the court should not have rendered judgment against Prichard or either of the Cottles, who had been served in Elliott county, after the action had been dismissed as to Hannah, who had been served in Boyd county. Pottinger v. Mayfield, 14 B.

M. 647; McGuire v. Rudy, 7 Bush 432; Duckworth v. Lee, 10 Bush 51; Basye v. Brown, 78 Ky. 553; Commonwealth v. James, Auditor, 138 Ky. 473; Knoxville Banking & Trust Co. v. Mershon, 152 Ky. 171; Martin v. Franklin, 160 Ky. 64.

Following this well settled rule, the Boyd circuit court granted the prayer of Prichard's petition on March 31st, 1911, by enjoining the collection of the judgment which had erroneously been given against him.

A year later, on March 11th, 1912, the bank caused a notice to be served upon Prichard, Hannah and the Cottles, to the effect that it would, on March 26th, 1912, move the Boyd circuit court to set aside the judgment of March 6th, 1907, and to redocket the case; and, on March 26th, 1912, the motion was made, the original judgment of March 6th, 1907, was set aside, and the case redocketed for the following June term.

When the case was called on June 14th, 1912, judgment went against Prichard and Hannah, by default.

On September 5th, 1912, Prichard filed his second injunction suit in the Boyd circuit court against the bank and the sheriff, who held an execution under the judgment of June 14th, 1912, against Prichard, for the purpose of enjoining the collection of that execution, upon the ground that the second judgment was void.

On June 18th, 1913, judgment was entered in Prichard's second injunction suit, granting the prayer thereof, and enjoining the collection of the second judgment, of June 14th, 1912, upon the ground that it was void. The judgment in the second injunction suit declared, however, that the case had been properly redocketed pursuant to the notice, and that it was then properly on the docket and pending for trial. It further directed that summons issue to Elliott county and to Boyd county, and the bank was given permission to file an amended petition for the purpose of setting aside the order of dismissal as to Hannah. On the same day the bank filed its amended petition and summons was issued thereon, as directed by the judgment.

On April 16th, 1914, Prichard answered the original suit upon the note, pleading, (1) want of jurisdiction in the Boyd circuit court, (2) the five years statute of limitations, and, (3) the seven years statute of limitations applicable to sureties, and alleging that he was a surety, only, upon the note.

A year later, on June 15th, 1914, the bank, treating the judgment of June 18th, 1913, as void, moved the court to set it aside; but, that motion having been overruled, the bank obtained this appeal from the clerk of the Court of Appeals from the judgment of June 18th, 1913, which had enjoined the collection of the execution under the second judgment.

Unquestionably, under the authority of the cases above cited, the original judgment of March 6th, 1907, against Prichard and the Cottles, after the dismissal of Hannah, was void for want of jurisdiction. After the dismissal of Hannah, the only defendant who had been served with summons in Boyd county, that court had no jurisdiction to render judgment against the other defendants, all of whom had been served in Elliott county. Section 80 of the Civil Code of Practice expressly so declares. Consequently, Prichard's first injunction suit, which enjoined the collection of the execution issued under the judgment of March 6th, 1907, against Prichard, was properly decided.

The next step in the case was not taken until March 11th, 1912, five years after the original judgment had been entered, and the order then taken setting aside the original judgment and redocketing the case, was founded upon a notice served upon the defendants, and not upon a summons. It had theretofore been decided, however, in the first injunction suit that the original judgment of March 6th, 1907, was void. And, in proceeding by means of a notice rather than a summons, the bank proceeded upon the theory that the court had jurisdiction to set aside the judgment, after the expiration of the term at which it was rendered.

So, the question is, should the bank, in view of the fact that the judgment of March 6th, 1907, was void, have proceeded by a summons to obtain a valid judgment against the defendants, or could it proceed by notice, as it did?

The notice assumed that the action was still pending between the bank and all of the defendants, including Hannah, who had been summoned in Boyd county. This theory, however, ignored the fact that the action had been dismissed as to Hannah, and the judgment as to him was a final order which could not have been set aside after the expiration of the term at which it was entered. In order, therefore, for the Boyd circuit court

to again obtain jurisdiction against Prichard upon a service executed in Elliott county, it was necessary that Hannah or some other defendant be served with summons in Boyd county. That, however, was not done.

A summons is issued by the clerk of the court, runs in the name of the Commonwealth, and, is executed by an officer; the notice was signed by the appellant's attorneys. It will readily be seen that the notice did not accomplish the purposes of a summons.

In Phillips v. Arnett, Admr., 164 Ky. 426, Phillips filed suit against Arnett in the Magoffin circuit court on November 15th, 1893, upon two notes secured by lien upon land. Arnett answered, making several defenses; and, after the pleadings had been made up, no further steps, other than orders of continuance, were taken in the case until the February term, 1904, of the Magoffin circuit court, when it was stricken from the docket upon the court's own motion, by an order directing that the case be "filed away." More than a year thereafter Arnett sold the tract of land in lien to Morton and Oldham, and they, in turn, sold it to others. On February 10th, 1910, Phillips by written notice served upon Arnett's administrator advised him, as was done in the case at bar, of his purpose to enter a motion on February 19th, 1910, to redocket the case; and, pursuant to the notice the case was redocketed; whereupon Arnett's administrator filed an amended answer to the original petition, pleading the statute of limitations. The circuit court held the plea good; and, in affirming that judgment, and holding that the order striking the case from the docket should be treated as a dismissal of the action without prejudice, which would not, however, prevent the plaintiff from bringing a new action, or reinstating it upon the docket upon proper notice and sufficient grounds, the court said:

"But until there is a renewal of the action or it is properly reinstated on the docket, the dismissal resulting from the order filing it away will continue to be regarded as final, and the court will so treat it.

"It is equally true, that the order of dismissal in the instant case placed appellant where he would have been had the action not been brought; and when he obtained its reinstatement on the docket, February 19, 1910, the legal effect was the same that would have re-

sulted had suit then been brought on the notes for the first time."

We understand the language quoted from the Phillips opinion, *supra*, to mean that a dismissed action could not be prosecuted upon a mere notice, any more than an action could be begun by a notice. When the court said that the order of dismissal placed the plaintiff where he would have been had the action not been brought, and that when he obtained the reinstatement on the docket the legal effect was the same that would have resulted had the suit then been brought on the notes for the first time, it meant only to say that the case could be reinstated upon the docket by means of a notice, but that summons should then issue as though suit had then been brought on the notes for the first time; thus following section 39 of the Civil Code of Practice, which provides that an action is commenced by filing the petition in the clerk's office and by causing a summons to be issued thereon.

So, the circuit court in the case before us was not in error when it declared in its order reinstating this case upon the docket, that the case was then properly upon the docket. That, however, did not authorize the plaintiff to proceed to a judgment without a new summons; on the contrary, the case was then on the docket as though the suit had then been brought for the first time, and, of course, in such a case, a summons is necessary.

Under this view of the case, the judgment of June 18th, 1913, setting aside the second judgment and permitting the filing of an amended petition and summons to issue thereon, was proper.

Judgment affirmed.