## University of Louisville, et al. v. Metcalfe.

(Decided November 9, 1926.)

### Appeal from Christian Circuit Court.

1. Hospitals—Hospital Supported by State Performs a Governmental Duty and is Not Liable for Negligent or Malicious Acts of Employees Except where Property is Taken or Injured Without Just Compensation (Constitution, Section 242).—Hospital created and maintained at expense of state for care of insane is a mere instrumentality of state to aid in performance of a governmental duty, and is not liable in damages for negligent or malicious acts of its officers or employees except where institution commits a nuisance injuring property of another or takes property without just compensation, as required by Constitution, section 242.

2. Eminent Domain.—Property right in corpse is not such as may be condemned within Constitution, section 242, requiring just compensation for taking private property and for damages to which state hospital is liable.

3. Hospitals—State Hospital in Disposing of Unclaimed Bodies of Insane Performs a "Governmental Function," and is Not Liable for Negligence (Kentucky Statutes, Sections 2645, 2646).—Disposition of unclaimed bodies of insane by state hospital, under Kentucky Statutes, sections 2645, 2646, is as much a "governmental function" as their care and maintenance during their lives, and hospital is not liable for negligence in disposing of bodies.

4. Courts—Jurisdiction Over Defendant, Not a Resident of County in which Action was Brought, who was Summoned Out of County, Held Lost After Rendition of Judgment in Favor of Local Defendant (Civil Code of Practice, Sections 78-80).—Where cause of action was stated against a local defendant, court had jurisdiction of nonresidents until judgment was rendered in his favor, but thereafter lost jurisdiction against defendants not residents of the county in which action was brought and who had been sum-

moned out of county, in view of Civil Code of Practice, sections 78, 80.

FRANK E. DAUGHERTY, Attorney General, CHAS. F. CREAL, OVERTON S. HOGAN, Assistant Attorneys General, and JOHN C. DUFFY, for appellant, Western State Hospital.

SELDON Y. TRIMBLE and HELM BRUCE for appellant, University of Louisville.

McKENZIE & SMITH and HENSON & TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Several years ago E. N. Metcalfe, a Methodist minister, was adjudged of unsound mind by the Henderson county court and committed to the Western State Hospital at Hopkinsville. Thereafter his wife, Mrs. Laura Metcalfe, continued to reside with her daughter and son-in-law at Henderson until the year 1921, when she moved with them to Evansville, Indiana. At the time of her husband's commitment she gave her address at Henderson, with the street number, and after that she communicated occasionally with the superintendent of the hospital, and several letters passed between her and her husband. Mrs. Metcalfe claims that after she moved to Evansville she not only left her new address with the post office authorities at Henderson with directions to forward all mail, but also notified the hospital authorities of her new home and address. On December 10, Dr. Durham, the superintendent of the Western State Hospital, had a letter written to Mrs. Metcalfe advising her that her husband was gradually growing weaker, and that without a change he would not live. After writing this letter Dr. Durham became quite ill and went to his home, where he was confined to his bed continuously until December 15. He was unable, however, to remain at his office and returned to his home without receiving any information as to the condition of Mr. Metcalfe, who had died on December 12. Immediately after his death the hospital authorities endeavored to get in touch with Mrs. Metcalfe over the phone in Henderson, but were unable to do so. Thereupon the county judge of Henderson county was called and informed of Mr. Metcalfe's death and of the inability of the authorities to locate his widow, and his assistance in the matter was requested. On December 13, the county judge was again called over the phone but he

advised that nothing was known of Mrs. Metcalfe or her whereabouts. That night the body was embalmed and shipped to the University of Louisville. The letter which had been written to Mrs. Metcalfe at Henderson on December 10th was forwarded and received by her in Evansville on December 12th. She claims to have answered it immediately and that the reply should have been received at Hopkinsville on December 13th. The hospital authorities claim that the letter did not arrive there until the morning of December 15th. In this letter she complained of their having written so little, and asked for further particulars. In reply to this letter Dr. Durham wrote Mrs. Metcalfe on December 15 that her husband had died on December 12 from epilepsy, that they had attempted to get in communication with her at the Henderson address, but failed to do so, that after failing to locate her they called up the county judge of Henderson county and he gave authority as to the burial of the body. From this Mrs. Metcalfe assumed that the body had been properly buried, and thereupon she consulted an undertaker, who told her it would be best to wait until spring before the remains were removed for proper burial. On December 21, she wrote asking that the grave be marked and wanted to know why they did not notify her immediately of her husband's death, as her address was on file at the institution. On receipt of this letter Dr. Durham called Mrs. Metcalfe over the phone and advised her that her husband's remains had been sent to Louisville. Later on, Mr. Clark, Mrs. Metcalfe's son-in-law, called up Dr. Durham to find out what he meant, and claimed that they then learned for the first time that Mr. Metcalfe's body had been shipped to the dissecting room of the University of Louisville. On December 29, Mrs. Metcalfe sent a telegram to the University of Louisville requesting that the body be shipped to Paducah for burial. In the meantime funeral arrangements had been made, friends had gathered, flowers had been sent and it was then ascertained that the body that had arrived on December 30 was that of another man. It appears that the tag number of Mr. Metcalfe's body was 69-22, while the tag number on the body sent was 68-22, and the university authorities claim that owing to the blurring of the figure 8 it had the appearance of the figure 9, and this was the cause of the mistake. Thereupon the authorities at the hospital and the university were notified of the mistake, and the body

that had been sent was ordered reshipped to Louisville. Mrs. Metcalfe directed the university authorities to hold Mr. Metcalfe's body until someone could go to Louisville and identify it. One of the hospital attendants then went to Louisville and identified the body. The body was then shipped to Henderson accompanied by the attendant. Upon an examination of the body it was discovered that the skin on the back of the left hand was gone, leaving the bones and tendons exposed. The university authorities claim that this condition was due to dragging the body out of the vat, while Mrs. Metcalfe insists that the condition of the hand bore evidence of dissection. It seems, however, that the hand was properly bandaged when the body was shipped, and that its condition was not perceptible unless the bandages were removed.

Section 2645, Kentucky Statutes, provides:

"It shall be the duty of any superintendent, warden, coroner, or other person having in his possession the dead body of any person which may be unclaimed, to notify the relatives or friends of the deceased person (if they are known) of the death of the person and place where the body is; and, on the failure of such deceased person's relatives or friends, within three days, to claim and bury the body, it shall be the duty of such officers or other persons, on the demand of a professor of any medical college or school, as herein contemplated, to deliver the body to such professor, who shall at once cause such body to be embalmed, and shall preserve the same for thirty days before dissecting it. During said thirty days it shall be the duty of such college, or professor thereof, to deliver the body, without any charge, to the friends or relatives of the deceased who may demand it for interment."

Section 2646 is as follows:

"If such body be not claimed for interment during said thirty days, it shall be lawful for the professors or students of the college, after the expiration of thirty days, to examine or dissect such body."

Relying upon the fact that the hospital authorities did not hold the body for three days, and upon the further fact that the university authorities dissected the

hand before the expiration of thirty days, Mrs. Metcalfe brought this suit against the Western State Hospital, Dr. Durham and the University of Louisville, to recover damages. There were three trials of the action. The first trial resulted in a verdict against each defendant for $18,000.00, which was set aside. On the second trial there was a verdict for $12,000.00, which was also set aside. On the last trial the jury found for Dr. Durham, but awarded $5,000.00 damages against the hospital, and a like sum against the university. From that judgment this appeal is prosecuted.

We shall first consider the appeal of the Western State Hospital. Its chief insistence is that its demurrer to the petition was improperly overruled. The question has been before this court on so many occasions that it is unnecessary to review the authorities at length. It is sufficient to say that an asylum, or as it is now called a hospital, created and maintained at the expense of the state for the care of the insane is a mere instrumentality of the state government brought into being to aid in the performance of a governmental duty, and is not therefore liable in damages for either the negligent or malicious acts of its officers, agents or employees. Williamson v. Louisville Industrial School of Reform, 95 Ky. 251, 24 S. W. 1065, 44 Am. St. Rep. 243; Leavell v. Western Ky. Asylum, 122 Ky. 213, 91 S. W. 671; Ketterer's Admr. v. State Board of Control, 131 Ky. 287, 115 S. W. 200; Dunn v. Central State Hospital, 197 Ky. 807, 248 S. W. 216. The only exception to this rule is where the institution commits a nuisance and thereby injures the property of another or otherwise takes and injures the property of another without making just compensation therefor, as required by section 242, Constitution. Hauns v. Central Kentucky State Lunatic Asylum, 103 Ky. 562, 45 S. W. 890. This case does not fall within the exception, for whatever may be the nature and extent of one's property right in a corpse is not the kind of property that may be condemned, and is not therefore protected by section 242 of the Constitution. Nor is there any merit in the contention that the hospital authorities were not performing a governmental duty in sending the corpse to the University of Louisville, because they were not then engaged in the care of the insane, but were acting under a statute regulating the disposition of unclaimed bodies. The dis-

position of the unclaimed bodies of the insane is as much a governmental function as their care and maintenance during their lives, and when the superintendent of a hospital acts under the statute he simply performs a duty imposed on him as the agent of the hospital, and the hospital in acting through him acts as an arm of the government and not in a private capacity. It follows that the hospital's demurrer to the petition should have been sustained and the petition dismissed.

With respect to the University of Louisville the situation is this: In the first paragraph of its answer it challenged the jurisdiction of the court on the ground that it was a nonresident of the county where the action was brought, and had been summoned out of the county. Although the hospital was improperly joined, and its demurrer to the petition should have been sustained, yet, as a cause of action was stated against Dr. Durham, one of the local defendants, this was sufficient to give the court jurisdiction until judgment was rendered in his favor. When this occurred the court lost jurisdiction of the nonresident (speaking of the county) defendant, University of Louisville, Civil Code, sections 78 and 80; Pottinger v. Mayfield, 14 B. Mon. 647; Megniar v. Rudy, 7 Bush 432; Duckworth v. Lee, 10 Bush, 51; Bayse v. Brown, 78 Ky. 553; Louisville Home Telephone Co. v. Beeler's Adm'x, 125 Ky. 366, 101 S. W. 397; Commonwealth v. James, Auditor, 138 Ky. 473, 128 S. W. 338; Knoxville Banking & Trust Co. v. Mershon, 152 Ky. 171, 153 S. W. 238; Martin v. Franklin, 160 Ky. 61, 169 S. W. 540; Second National Bank v. Prichard, 172 Ky. 190, 189 S. W. 14, and should have sustained its motion for a judgment notwithstanding the verdict, and have ordered the petition dismissed.

This conclusion makes it unnecessary to consider any of the other questions raised on the appeal.

Wherefore, the judgments against appellants are each reversed and the cause remanded, with directions to dismiss the petition.

Whole court sitting.