## Doyle v. Bryson, Judge.

March 6, 1942.

Rogers & Rogers for petitioner.

J. Griffin Murphy, Jr., and C. Gordon Walker for respondent.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing petition.

On January 20, 1939, M. C. Shuman, a dentist in Cincinnati, Ohio, filed an action in the Kenton Quarterly Court against petitioner, William Doyle and his wife seeking the recovery of a judgment against them for $180, the amount of alleged professional services rendered to petitioner's wife and codefendant, Ann Doyle. At that time the defendants in the action were separated and living apart, although not divorced, the wife residing in Kenton County and the husband (petitioner) residing in Boone County, Kentucky, and they were each served with process in the counties of their respective residences. Each defendant in the Quarterly Court action made independent and separate defenses thereto, the demurrer of the wife being sustained to the petition as against her, but no final order of dismissal was made. The case was tried as against the husband (petitioner herein) resulting in a judgment in his favor and the dismissal of the plaintiff's petition as against him. The plaintiff then prosecuted an appeal from that Quarterly Court judgment dismissing his action against the husband to the Kenton Circuit Court presided over by the respondent, Rodney G. Bryson. In taking the appeal from the judgment dismissing the husband, and petitioner herein, no appeal was prosecuted as against the wife, Ann Doyle, for the manifest reason that no final judgment had been rendered in the action either for or against her in the Quarterly Court from whence the appeal against the husband was prosecuted.

After being duly served on the appeal petitioner appeared in the Kenton Circuit Court and moved to quash

the return of service on him in that court on the appeal prosecuted thereto, on the ground that the action against the wife, who resided in the county of the venue of the action in the Quarterly Court, had been abandoned although there was no entry of record to that effect. Respondent as presiding judge of the Kenton Circuit Court overruled petitioner's motion to quash the service of the summons on him. Later this original action in this court was filed by petitioner against respondent under the provisions of Section 110 of our Constitution to. obtain the proper order from this court restraining respondent from further proceeding in the action, on the ground that he had no jurisdiction of the person of petitioner on the appeal to his (respondent's) court, since—as contended by his counsel—the action was abandoned as against the wife, the resident defendant, who was served within the venue of the action in the Kenton Quarterly Court.

No defense by demurrer or otherwise has been made by the respondent, and the cause has been submitted solely upon the petition filed in this court, although in respondent's brief it is stated that petitioner raised no question in the Kenton Quarterly Court as to its jurisdiction of his person; but on the contrary that he defended the action on its merits after first entering motion requiring plaintiff therein to execute a cost bond on the ground that he was a nonresident of this Commonwealth. Such statements, as made by respondent's brief are not denied in brief of petitioner, but on the contrary they are in substance and effect admitted, and his petition herein contains this statement: ''Your petitioner and the said Ann Doyle employed separate counsel, filed separate answers and made separate defenses to said action in said quarterly court.''

We are therefore authorized to dispose of the case upon the theory that petitioner waived the question of the venue of the action as to him, or the jurisdiction of the Kenton Quarterly Court of his person, by not objecting thereto in some manner and by making defense to the merits of the action, which is clearly a transitory one under the provisions of Section 78 of our Civil Code of Practice. Section 80 of the same Code prescribes that no judgment shall be rendered against a joined nonresident defendant, summoned outside of the county in which the action is pending, if no codefendant resided in the

county of the court's jurisdiction, or was summoned therein; or if the action be dismissed or discontinued or determined in favor of the resident defendant "unless a defendant summoned out of that county make defense without objecting to the jurisdiction of the court." We have seen that such a defense to the merits of the case was made by petitioner herein in the Quarterly Court and "without objecting to the jurisdiction of the court," and which had the effect, under the express provisions of Section 80 of the Code, supra, to waive all questions of jurisdiction of the court and the venue of the action as against petitioner. Moreover the action as against Ann Doyle, the resident defendant, within the venue of the action in the Kenton Quarterly Court, has never been discontinued, abandoned or otherwise finally disposed of, but on the contrary it is yet pending in that court.

On appeal from a judgment rendered in a Quarterly Court the parties occupy in the appellate court the same status in relation to the action that they occupied in the Quarterly Court, howsoever that status may have been created. By waiver of the provisions of the sections of the Code, supra, petitioner brought himself—by the course of practice he pursued—within the jurisdiction of the Kenton Quarterly Court, and that jurisdiction continued throughout the litigation, including that of any appellate court to which the case might be carried under the prevailing practice. Johnson v. Brafford, 114 Ky. 96, 70 S. W. 193.

The cases cited by petitioner have no relevancy to the facts disclosed by this record. They are: Second National Bank v. Prichard, 172 Ky. 190, 189 S. W. 14; Caywood v. Williams, 218 Ky. 282, 291 S. W. 377; University of Louisville v. Metcalfe, 216 Ky. 339, 287 S. W. 945, 49 A. L. R. 375; Diggs v. Universal Underwriters, 284 Ky. 160, 143 S. W. (2d) 1067; and Martin v. Franklin, 160 Ky. 61, 169 S. W. 540. An examination of them will show that in some of them there was no waiver of jurisdiction of the person by the nonresident defendant who was served outside of the county of the venue of the action; while in others the judgment was rendered dismissing the action as to the resident defendant served in the jurisdiction of the action.

Independently, however, of all of the foregoing discussion of the merits of the case, we had before us the

question of our original jurisdiction, as conferred by Section 110 of our Constitution, in the case of Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395, under almost completely analogous facts as are here presented. The amount involved in that case was $175, which was below the appellate jurisdiction of this court; whilst here the amount is $180, likewise below our appellate jurisdiction. In that case we reviewed prior decisions of this court wherein it was held that original jurisdiction under Section 110 of the Constitution would not be taken, except where the court proceeded against was acting, or about to act, without and beyond its jurisdiction; or was about to act within its jurisdiction, although erroneously, and great and irreparable injury would result therefrom, with no adequate remedy for petitioner. We held in substance in that case that the possible injury of petitioner in original actions brought in this court of loss of an amount below the right of this court to review on appeal, was not such "great and irreparable injury" as to supply that element necessary to confer original jurisdiction on this court to control the actions of the trial court, since such an interpretation would in effect be a review of the trial court's action, not by an appeal to this court but through the medium of an original action filed in this court. It was therein pointed out that the Legislature had the right to grant or withhold appeals from judgments of courts of original jurisdiction, and that litigants should submit thereto, unless the court was proceeding or about to proceed outside of its jurisdiction or within its jurisdiction, but erroneously, and followed by great and irreparable injury with no adequate remedy; but that a judgment for an amount below the minimum jurisdiction of appeals to this court would not satisfy the requirement of "great and irreparable injury" so as to give this court original jurisdiction under Section 110, supra, of our Constitution.

We therefore conclude that under the showing made petitioner is not entitled to the relief he seeks, and for which reason his petition is dismissed.