**William R. BAGBY, Appellant,**

v.

**J. L. SUTER, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1957.

Robert H. Hays, Lexington, for appellant.

William G. Reed, Carrollton, for appellee.

CULLEN, Commissioner.

J. L. Suter brought action against a firm of accountants, and against William R. Bagby, an attorney, seeking to recover possession of certain personal financial records and papers, and damages for their detention. Bagby counterclaimed for a $4,000 balance of an attorney fee claimed to be owed to him by Suter. The court directed a verdict for the accountants, and the action was dismissed as to them. Judgment was entered, upon a jury verdict, awarding Suter possession of his records and papers, and damages against Bagby in the amount of $500; also allowing Bagby $200 on his counterclaim, so as to make a net recovery for Suter of $300. Bagby has appealed.

The controlling question is one of venue.

The action was brought in Gallatin County. The accountants lived in that county and were served there. Bagby lived in Fayette County and was served in Fayette County. Before answering, Bagby moved to dismiss the action as to him, on the ground of improper venue. His motion was overruled, and he then filed his answer and counterclaim. When the directed verdict for the accountants was given, Bagby immediately moved the action be dismissed as to him and that he be permitted to withdraw his counterclaim. This motion was over-

ruled. After the verdict, Bagby moved for judgment notwithstanding the verdict, which motion also was overruled.

Suter's initial right to proceed against Bagby in Gallatin County in this transitory action, upon service of process made on Bagby in Fayette County, was dependent upon his service on the accountants in Gallatin County and upon the cause of action being such as to make Bagby properly joinable as a defendant with the accountants. KRS 452.480. When the action was dismissed as to the accountants, it could no longer be maintained against Bagby, over his objection. KRS 452.490. University of Louisville v. Metcalfe, 216 Ky. 339, 287 S.W. 945, 49 A.L.R. 375; Dees' Adm'r v. Dees' Ex'r, 249 Ky. 650, 61 S.W.2d 301; Southeastern Greyhound Lines v. Harden's Adm'x, 281 Ky. 345, 136 S.W.2d 42.

The judgment is reversed, with directions to enter judgment dismissing the action against Bagby and permitting him to dismiss his counterclaim.