Frank L. ADKINS d/b/a Ohio Valley Candy Company, Appellant,

v.

N. F. BELCHER d/b/a Belcher's Restaurant, Appellee.

Court of Appeals of Kentucky.

June 23, 1961.

Tackett & Tackett, Prestonsburg, Bur-chett & Burchett, Ashland, for appellant.

Holly Conley, Prestonsburg, for appellee.

CULLEN, Commissioner.

N. F. Belcher, d/b/a Belcher's Restaurant, recovered judgment upon a jury verdict against Frank L. Adkins, d/b/a Ohio Valley Candy Company, in the amount of $1,500, as damages for breach of warranty in the sale by Adkins to Belcher of a frozen custard-making machine. Adkins has moved for an appeal, asserting among other grounds of error that the action should have been dismissed for lack of venue.

In the original complaint filed in the Floyd Circuit Court Adkins and Mills Industries, Inc., were named as defendants. However, no summons was issued against Mills Industries and it never appeared in the action, so the naming of it as a party in the complaint had no significance. Adkins was served with summons in Boyd County. He moved promptly for dismissal of the action for lack of venue, but the court did not rule on the motion, and he filed answer in which among other defenses he again asserted lack of venue.

After summons had been served on Adkins and after his motion to dismiss had been filed the plaintiff amended his com-plaint to join as a party defendant one George Jackson, an alleged agent of Adkins. It is not clear from the record whether Jackson was served with summons in Floyd County or in some other county. Jackson filed an answer and other steps were made in the pleadings.

Before trial Adkins filed a renewed motion to dismiss for lack of venue, but again the court did not rule on the motion.

Upon the trial the court directed a verdict in favor of Jackson and the action was dismissed as to him. The jury found against Adkins. In his motion and grounds for a new trial Adkins again asserted lack of venue, "particularly so since the verdict of the jury found in favor of his co-defendant, George Jackson." The motion for a new trial was overruled and judgment was entered against Adkins.

■ Under KRS 452.480 the action could not be maintained in Floyd County against Adkins as a sole defendant, he being a resident of Boyd County, unless service be obtained upon him in Floyd County. Accordingly, Adkins's initial motion to dismiss should have been sustained. However, he did not demand a ruling on the motion before Jackson was brought in as an additional defendant. If, as the appellee claims (but the record does not show), Jackson was served with summons in Floyd County, it might be argued that under KRS 452.-490 the court then acquired venue as to Adkins also, he not having obtained a ruling on his motion to dismiss before Jackson was summoned.

■ Be that as it may, when judgment was rendered in favor of Jackson the court could no longer retain venue as to Adkins, over his objection. KRS 452.490; Bagby v. Suter, Ky., 310 S.W.2d 513; Diggs v. Universal Underwriters, 284 Ky. 160, 143 S.W.2d 1067; University of Louisville v. Metcalf, 216 Ky. 339, 287 S.W. 945, 49 A.L.R. 375. It is our opinion that under the circumstances of this case, particularly in view of the fact that Adkins

had raised the question of venue by two previous motions and by his answer, the reassertion of the lack of venue in his motion and grounds for a new trial constituted a sufficient objection, and it should have been sustained.

The motion for an appeal is sustained and the judgment is reversed with directions to enter judgment dismissing the action for lack of venue.